## S. L. HURLBUT v. W. H. GAINOR.

### Decided March 23, 1907.

**1.—Corporation—Sale of Land by Officer—Authority.**

Where the evidence failed to show authority in the vice–president and general manager of a land and cattle corporation to sell or exchange the lands of the corporation it was error for the court to submit to the jury the question of his authority to sell or exchange such lands. No presumption of authority arose from his official position.

**2.—Principal and Agent—Ratification.**

There can be no ratification by a principal of the unauthorized acts of his agent of which he had no knowledge. The mere fact that a corporation ultimately purchases land which its general manager, without its knowledge, procures by patent from the State through the instrumentality of a third party and by promise of the manager that the company would convey to said third party a certain tract of land for the use of his name in procuring said patents, is not evidence of a ratification by the corporation of the unauthorized acts of its manager and his unknown promise.

**3.—Sequestration Bond—Sufficiency—Misnomer.**

It was error to quash a sequestration bond on the ground that in the condition of the bond the name of the principal was given as Hulbert instead of Hurlbut when the name of the principal correctly appeared in other portions of the bond, and the use of the word "said" before the name Hulbert clearly indicated that the previously mentioned Hurlbut was intended.

**4.—Affidavit for Sequestration.**

An affidavit for sequestration in which the ground for sequestration is stated as follows: "Plaintiff fears that the defendant will make use of his possession to convert to his own use the fruits or revenues produced by the property" is sufficient. The words "fruits" and "revenues" are used as synonymous, and the use of the word "or" between them does not present in the alternative separate grounds for the writ of sequestration.

Appeal from the District Court of Matagorda County. Tried below before Hon. Wells Thompson.

*Gaines & Corbett* and *G. G. Kelley,* for appellant.—A mere discrepancy between the spelling of the name of the plaintiff in the body of an affidavit and bond and the signature to such affidavit or bond, when they are *idem sonans,* can not in any way affect the validity of such affidavit or bond, because it will be presumed that they are the same parties. Dillahunty v. Davis, 74 Texas, 345; Russell v. Oliver, 78 Texas, 16; Lyne v. Sanford, 82 Texas, 63; Teris v. Collier, 84 Texas, 639; Galveston, etc., Ry. Co. v. Daniels, 1 Texas Civ. App., 700; Ogden v. Bosse, 86 Texas, 342.

An affidavit stating that the plaintiff fears that the defendant will make use of his possession, to convert to his own use the fruits or revenue produced by the same, is not in the alternative and is in conformity with the statutes. Rev. Stats., art. 4864, sec. 4; Pearre v. Hawkins, 62 Texas, 435; Cleveland v. Boden, 63 Texas, 103.

It was error for the court to submit to the jury the issue as to whether or not the Texas Land and Cattle Company entered into the verbal contract with defendant for the exchange of the land in controversy for the three sections of school land, as alleged by him, because the undisputed evidence in the case was that F. C. McReynolds, with whom said contract was alleged by defendant to have been made, had no authority to make such contract for said company. Fitzhugh v. Franco-Texas Land Co., 81 Texas, 306; Franco-Texas Land Co. v. McCormick, 85 Texas, 421; Green v. Hugo, 81 Texas, 457; Missouri, K. & T. Ry. Co. v. Faulkner, 88 Texas, 652; Western U. Tel. Co. v. Burgess, 60 S. W. Rep., 1023.

No officer of a corporation, by virtue of his office, has the authority to contract for the sale or exchange of land without being delegated such authority by resolution of its board of directors, or by its bylaws. Fitzhugh v. Franco-Texas Land Co., 81 Texas, 306; Franco-Texas Land Co. v. McCormick, 85 Texas, 421; Green v. Hugo, 81 Texas, 457; Tres Palacios Irrigation Co. v. Eidman, 14 Texas Ct. Rep., 852; 4 Thompson on Corporations, secs. 4875, 4887 and 4890.

*Linn & Austin,* for appellees.—An affidavit for sequestration, made and signed by one S. L. Hurlbert, is insufficient to sustain a writ issued for S. L. Hurlbut, the plaintiff in the action, and in a case styled S. L. Hurlbert therein. They are not idem sonans, but separate and distinct individuals and names. Shields v. Hunt, 45 Texas, 427; McRee v. Brown, 45 Texas, 506; Brown v. Marqueze, 30 Texas, 78; Townsend v. Ratcliff, 50 Texas, 152; Selman v. Orr, 75 Texas, 530; Faver v. Robinson, 46 Texas, 205; Harkness v. Devine, 73 Texas, 628; Collins v. Ball,

82 Texas, 267; Dodge v. Phelan, 21 S. W. Rep., 309; Carhart v. Britt, 3 Civ. App., sec. 373; Mindex v. State, 38 S. W. Rep., 995; Simpson v. Johnson, 44 S. W. Rep., 1076.

An affidavit for sequestration, which sets out as the ground therefor that plaintiff fears that the defendant will make use of his possession to convert to his own use the fruits or revenue produced by the same, is uncertain, in the alternative and wholly insufficient. Clark v. Elmendorf, 78 S. W. Rep., 541; Dunnenbaum v. Schram, 59 Texas, 285; Rohrbough v. Leopold, 68 Texas, 257.

Any limitation upon the apparent power of a general agent binds no one who does not know of the restriction and has innocently dealt with the agent, to his detriment. The vice-president, general manager and director, who is the sole resident officer and manager of a corporation doing business in this State, is such agent. Hamm v. Drew, 83 Texas, 80; Freiberg v. Beach Hotel Co., 63 Texas, 453; Tres Palacios Rice Co. v. Eidman, 15 Texas Ct. Rep., 318; Collins v. Cooper, 65 Texas, 460; Houston & T. C. Ry. v. Hill, 63 Texas, 381; Story on Agency, secs. 73, 106, 133; Galveston, H. & S. A. Ry. v. Neel, 26 S. W. Rep., 788; Bay City Company v. Sweeney, 81 S. W. Rep., 545, 548; Reynolds v. Chicago, B. & Q. Ry., 90 S. W. Rep., 101; Meacham on Agency, sec. 279; 1 Am. and Eng. Ency. of Law (2d ed.), pp. 994-997, 986-989; Minor v. Mechanics' Bank, 1 Pet. (U. S.), 46; Missouri Pac. Ry. v. Simmons, 6 Texas Civ. App., 625, and cases cited; Houston & T. C. Ry. v. McKinney, 55 Texas, 183; 2 Cook on Corp., 1821 and 22 and 25; Rathburn v. Snow, 10 Law Rep. Ann., 356; 2 Morawitz Priv. Corp., par. 593.

Notice to or knowledge of the agent is notice to the principal, and the knowledge of a controlling and managing officer of a corporation is knowledge of the corporation itself. City Nat. Bank v. Martin, 70 Texas, 648-9; Morrill v. Bosley, 88 S. W. Rep., 521-2, and authorities cited; Irvine v. Grady, 85 Texas, 123; Merchants' Nat. Bank v. McAnnulty, 31 S. W. Rep., 1097; Waxahachie Nat. Bank v. Vickery, 26 S. W. Rep., 876; First Nat. Bank v. Greenville Oil Co., 60 S. W. Rep., 828; Morse on Banks, 126, 127 and 129; Meacham on Agency, 729, 730; Texas M. Ry. v. Whitmore, 58 Texas, 287; Missouri, K. & T. Ry. v. McFadden, 89 Texas, 145; Persodio Company v. Shock, 60 S. W. Rep., 290, and cases cited.

The principal is bound by and charged with knowledge of the fraudulent acts and the false and fraudulent representations of its agent made in the execution of the business of the principal. Camley v. Stanfield, 10 Texas, 550; Crosby v. Bonnowsky, 69 S. W. Rep., 213; McKie v. Anderson, 78 Texas, 207; Hammers v. Hamick, 69 Texas, 415; Casey v. Hanrick, 69 Texas, 48; 2 Cook on Corp., pp. 1829 to 1831; Bigelow on Estoppel, sec. 399 et seq.; Udell v. Peak, 70 Texas, 551.

PLEASANTS, ASSOCIATE JUSTICE.—This is an action of trespass to try title brought by appellant against the appellee to recover the title and possession of a tract of 173 acres of land on the Henry Parker league in Matagorda County. Ancillary to his suit the plaintiff applied for and obtained a writ of sequestration under which the land was seized

by the sheriff of said county on January 16, 1904, and held until January 21, 1904, when it was replevied by the defendant.

The answer of the defendant contains general and special exceptions to the petition, a disclaimer as to all of the land except a tract of 160 acres described in said answer, also a plea of not guilty, a plea of limitation of ten years and a further special plea in which it is averred, in substance, that on the 23d day of September, 1890, the Texas Land and Cattle Company, acting by its vice-president and general manager, F. C. McReynolds, in consideration of the conveyance to it by defendant of his title to surveys numbers 348, 350 and 352, G. C. & S. F. Ry. Co. in Matagorda County, sold to defendant the 160 acres described in his answer; that said sale to defendant was verbal, but that defendant on said date conveyed to said cattle company the three surveys before mentioned and has had possession of the said 160 acres of land claiming the same as his property since said sale and has made permanent and valuable improvements thereon, relying upon the promise and agreement of said company to make him a conveyance thereto. It is further averred that plaintiff purchased the land from the cattle company with notice of defendant's claim and title thereto.

By supplemental petition plaintiff excepted generally and specially to defendant's answer, denied generally the averments thereof, and specially denied the authority of McReynolds to make the contract of sale set out in said answer.

The trial in the court below by a jury resulted in a verdict and judgment in favor of defendant.

Under appropriate assignments of error the appellant complains of the charge of the court submitting to the jury the issue of whether McReynolds had authority to sell the land of the Texas Land and Cattle Company or to make the exchange of lands with the defendant set out in the answer, on the ground that such issue was not raised by the evidence.

It was shown by the evidence that McReynolds was the vice-president and general manager of the cattle company, which is a corporation. He testified that he was general manager of the ranch and cattle business of the company, but had no authority to sell or trade any of the lands of the company. No presumption of authority to sell the lands of the company arises from the general character of his agency as general manager, and neither the pleadings nor the evidence show any acts on the part of the corporation from which such authority might be implied.

The evidence shows that the three railway surveys before described were situate within the pasture of the Texas Land & Cattle Company and that in 1890 McReynolds suggested to the defendant, who was at that time an employe of said company, that he make application to the State for the purchase of said surveys, and promised that the company would assist him in paying for them. Defendant agreed to make the application which was prepared by McReynolds and signed and sworn to by the defendant, who did nothing further in procuring the sale of the lands to him by the State, and never saw the patents which were issued in his name.

Some time after the application was signed by the defendant he was informed by McReynolds that it had been approved and the papers granting the land had been received by him, and, according to defendant's testimony, McReynolds then told him that if he would convey his title to these surveys to the company the latter would convey to him 160 acres of the land involved in this suit. McReynolds denies that he ever made any such agreement. The defendant at the request of McReynolds executed a deed prepared by the latter conveying said surveys to one Price for a recited consideration of $4,800, and about two years thereafter Price conveyed them to the Texas Land & Cattle Company for a like consideration and they are now held by said company. The State received $3,800 for said surveys, which was paid by McReynolds, the other $1,000 of the consideration recited in the deed to Price was paid by McReynolds to an attorney at Austin for professional services in obtaining the approval of the application and the issuance of the patents to said lands.

It appears conclusively that these surveys were not purchased by defendant for himself, that he paid nothing for them, and the only part he took in the transaction was to make the application for their purchase and allow the patents therefor to be issued in his name. McReynolds testifies that he was acting for Price in the matter and that the latter furnished the money with which to pay for the land, but there is evidence in the record strongly tending to show that Price was an employe of the company in New York, and that the conveyance to him by the defendant was for the benefit of the company.

It is urged by appellee that the fact that the corporation received and still retains the benefit of the transaction between defendant and McReynolds is sufficient to sustain a finding that the latter was authorized to make the agreement claimed by the defendant to have been made. Ratification by his principal of the unauthorized act of McReynolds was not pleaded and that question is not in the case. If the pleading had presented such issue, we do not think it is raised by the evidence. There can be no ratification by a principal of acts of his agent of which he is ignorant, and the general rule that the knowledge of the agent is imputed to his principal can not be invoked under the facts of this case to charge the principal with knowledge of the unauthorized act of his agent. To hold otherwise would in effect abrogate the rule which relieves the principal from liability for the unauthorized acts of his agent. There is no evidence that the Texas Land & Cattle Company ever heard of the claim of defendant that McReynolds had made the agreement testified to by defendant and therefore no ratification of said contract, nor implied authority in McReynolds to make it, can be inferred from the fact that the company received and still retains the title to the surveys purchased from the State upon the application and in the name of the defendant.

The undisputed evidence shows that the consideration recited in the deed to the company was paid by it, and while it may be that it was using both defendant and Price in order to practice a fraud upon the State and procure land which it was not permitted under the law to purchase, such fact would not charge it with notice that its agent had,

without its authority, agreed to convey to the defendant 160 acres of its land for the mere use of his name in procuring a title from the State. We think the evidence fails to raise the issue of McReynolds' authority to sell the land to the defendant and the assignments complaining of the submission of such issue to the jury should be sustained. (Fitzhugh v. Franco-Texas Land Co., 81 Texas, 306; Franco-Texas Land Co. v. McCormick, 85 Texas, 421; Missouri, K. & T. Ry. Co. v. Faulkner, 88 Texas, 652.)

The trial court further erred in sustaining the defendant's motion to quash the writ of sequestration. This motion was based upon the grounds that the bond does not require that the conditions thereof should be performed by the plaintiff, S. L. Hurlbut, but by one S. L. Hulbert; and that the affidavit is uncertain and insufficient to authorize the issuance of the writ. We think neither of these objections to the sequestration proceedings should have been sustained. The caption of the bond gives the correct style of the case, and the name of the plaintiff-principal is correctly stated in the beginning of the bond which is signed by the plaintiff, S. L. Hurlbut. The name of the plaintiff, however, as it appears in that portion of the bond stating its condition is written S. L. Hulbert. We think the use of the word "said" before the name S. L. Hulbert clearly indicates that the previously mentioned principal, S. L. Hurlbut was intended, and even if the two names can not be regarded as *idem sonans* the bond taken as a whole clearly binds the plaintiff to a performance of its conditions.

The objection that the affidavit is uncertain is also without merit. The ground upon which the writ is asked, as stated in the affidavit, is that "plaintiff fears that the defendant will make use of his possession to convert to his own use the fruits or revenues produced by the property." Appellee contends that the use of the word "or" in the portion of the affidavit above quoted renders the affidavit indefinite and uncertain. We do not think this contention is sound. The affidavit does not set out separate and inconsistent grounds for sequestration, nor does it set out separate and distinct grounds in the alternative. The words "fruits" and "revenues" are used in the sequestration statute as synonyms, and the use of the word "or" between these words does not present in the alternative separate grounds for the writ, nor render the affidavit indefinite or uncertain. (Rev. Stats., art. 4864.)

None of the remaining assignments present any reversible error, and it would serve no useful purpose to discuss them in detail.

For the error in the charge before pointed out the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*