EMORY et al. v. BAILEY et al. (No. 6984.)*

(Court of Civil Appeals of Texas. Galveston. Nov. 3, 1915. Rehearing Denied Nov. 24, 1915.)

1. RAILROADS   ⬤⟿17—POWERS—PRESIDENT—CONVEYANCES—AUTHORIZATION.

The purported deed of a railroad company, chartered by the act approved February 2, 1856 (4 Gammel Laws of Texas, p. 347), providing that to render a conveyance of the corporation valid it should be signed by the president and countersigned by the treasurer or some other officer duly authorized by the directors under the seal of the company, and in pursuance of a vote of its directors, signed by its president and secretary without proof of precedent authority conferred by the directors, or of any holding out or former course of dealing in that respect, or of ratification, was inadmissible to show that the title had passed.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 36–38; Dec. Dig. ⬤⟿17.]

2. EVIDENCE ⬤⟿372—ANCIENT DEEDS—POWER TO EXECUTE.

Where such deed was dated March 7, 1862, and was filed for record March 24, 1862, and neither the grantee or his heirs ever asserted any claim to the land from its date to the institution of their suit to try title more than 50 years later, and the patent to the land issued to another than the grantee, the power under which it purported to have been executed would not be presumed, so as to make it admissible as an ancient instrument.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1613–1627; Dec. Dig. ⬤⟿372.]

3. PLEADING   ⬤⟿304—DEEDS—RECORD—DENIAL OF EXECUTION—STATUTE.

Rev. St. 1911, art. 3700, providing that after record for 10 years in the proper record a deed shall be admitted in evidence in any suit without the necessity of proving its execution if no adverse claim to the one evidenced thereby shall have been asserted during that time, does not permit the introduction of a deed without proof of its execution merely on showing its record for 10 years, as against an affidavit of the opposite party stating his belief that such deed was forged.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 908, 909; Dec. Dig. ⬤⟿304.]

4. TRESPASS TO TRY TITLE ⬤⟿39—EVIDENCE.

In trespass to try title, where the court properly excluded a certified copy of the deed under which plaintiffs claimed and without which they would fail in the suit, their testimony to prove their heirship under the grantee and their other evidence was properly excluded as being immaterial.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 54; Dec. Dig. ⬤⟿39.]

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Trespass to try title by Mrs. Mary H. Emory and others against W. H. Bailey and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

L. C. Kemp, of Houston, for appellants. S. H. Brashear, of Houston, for appellees.

McMEANS, J. Appellants, plaintiffs in the court below, brought this suit against appellees, defendants, in the ordinary form of trespass to try title for the recovery of a tract of land, described as section 11, patented by the state of Texas to the Washington County Railroad Company, situated in Montgomery county. After the testimony was all in the court instructed the jury selected to try the case to return a verdict in favor of the defendants against the plaintiffs, which was accordingly done, and thereupon a judgment was rendered that plaintiffs take nothing by their suit, and that the defendants go hence with their costs. From this judgment, the plaintiffs have appealed.

The Washington County Railroad Company was the common source of title. Plaintiffs claimed as heirs of G. R. Healy. Upon the trial they offered in evidence a certified copy of the record of a deed from the Washington County Railroad Company to G. R. Healy, to the introduction of which the defendants made 14 objections, all of which were sustained by the court, and the certified copy, as evidence, was rejected, to which the plaintiffs seasonably reserved their bill of exceptions. It was upon the rejection of this evidence, which left the plaintiffs without

standing in court, that the instruction to return a verdict for the defendants was given. The certified copy referred to is as follows:

"Washington County Railroad Company to G. R. Healy.

"State of Texas, Washington County.

"Know all men by these presents that the Washington County Railroad Company, for and in consideration of the sum of two thousand five hundred and sixty dollars paid by G. R. Healy, the receipt of which is hereby acknowledged, have this day bargained, sold and conveyed and by these presents do bargain, sell and convey to the said G. R. Healy the following described land certificate and the land upon which the same have been or may be located, to wit: Eight sections of six hundred and forty acres each, being a portion of the lands donated to said company by the state of Texas, situate in Montgomery county.

| Certificate No. | Section |
|---|---|
| Being eight sections out of | 1 |
| a certificate issued by the | 3 |
| Land Commissioner of the | 5 |
| General Land Office | 7 |
| August fifteenth, eighteen | 9 |
| and sixty. | 13 |
| | 15 |

"To have and to hold the same and every part thereof unto the said G. R. Healy, his heirs and assigns forever. And the Washington County Railroad Company do hereby covenant and agree to warrant and forever defend the titles to said land unto the said G. R. Healy, his heirs and assigns, and the Washington County Railroad Company do hereby authorize and empower the said G. R. Healy to demand and receive from the General Land Office the patents for the said lands in the name of said G. R. Healy as assignee of the Washington County Railroad Company, this 7th day of March eighteen hundred and sixty-two. J. W. McDade, Prest.

"A. G. Compton, Secty.

"Filed for record at 4 o'clock p. m. March 22, 1862. Recorded March 24, 1862.

"Appleton Gay, Clk. C. C. M. C."

By an appropriate assignment of error and propositions thereunder appellants assail the action of the court in sustaining each of the objections to the introduction of the certified copy. If any one of the objections was valid, the copy was properly excluded. We will not, therefore, discuss all the objections, but confine our investigation to the fourth, fifth, and ninth, which read as follows:

"(4) No authorization from the Washington County Railroad Company or its directors or other governing board of authorities is shown in support of such purported deed, this being necessary even if it be conceded that McDade, who purported to sign the instrument, was the president of said company, and even though it be conceded that the corporate seal was attached, and the authority to execute such deed will not be presumed as a matter of law, not even from the seal being affixed if it be conceded that the seal was affixed. The affixing of the seal is one thing, and the proof of authority for the president to execute is another and totally distinct and important thing.

"(5) There are no facts or circumstances in evidence allowing or justifying the presumption that McDade had authority from the Washington County Railroad Company to execute the paper, and the mere fact that he assumed to act 'will not justify the presumption, no matter how ancient the instrument, but there must be facts and circumstances shown authorizing such presumption; also one presumption cannot be builded on another, and it cannot be presumed that the deed was properly recorded because of a presumption that the clerk did his duty, and thereupon another presumption builded that the paper was authorized by said company."

"(9) The act of 1907 permitting the introduction of deeds where no adverse claim has been made for ten years after it is recorded does not relieve the grantee or person claiming under him from introducing a deed executed by a party having authority to execute it, and, in any event, the act above referred to would not supply lack of authority in McDade to execute the purported instrument."

Appellants assert that, where the officers of a corporation are the proper officers to execute a deed, and have executed a deed purporting to be the act of the corporation, the law presumes a precedent authorization regularly and rightfully made. To this the appellees assert the counter proposition that, in the absence of ratification, it is necessary to show that a deed purporting to have been made by the officers of a corporation was authorized by the corporation.

[1] The Washington County Railroad Company was incorporated by the act of the Legislature of Texas approved February 2, 1856. Gammel Laws of Texas, vol. 4, p. 347. There is nothing in this act that authorized the president of the company to make sale of, and execute deeds to, land without authority of the board of directors, but, on the contrary, it is provided by the act that to render a conveyance by the corporation valid it should be signed by the president and countersigned by the treasurer, or some other officer duly authorized by the directors, under the seal of the company, and in pursuance of a vote of the directors. Id. p. 349. Of course, a subsequent ratification by the directors of a sale and conveyance of land by the president and secretary without a prior authorization would have the same effect as if the sale had been made and the deed had been executed pursuant to authority by them and would be binding upon the corporation. On the trial there was absolutely no evidence introduced of a precedent authorization by the board of directors, nor was there any evidence whatever of ratification. It may be that a president of a corporation will be presumed to have had the power to carry on the business for which the corporation was chartered, and that no direct proof of authority conferred upon him by the directors in that regard would be required. But that is not this case. The corporation was chartered as a railroad company, and its business under the charter was the conducting of a railroad. The sale and conveyance of real estate cannot be said to be a part of the business for which a railroad company is chartered, and therefore, before the president of the company could sell and convey its lands, it was essential to the validity of the transaction that prior authorization by the board of directors or other governing body be had, or that after an authorized sale and conveyance by such officer, his acts be ratified by the board, or that he was held out by the corporation as having the appar-

ent power to sell and convey, or by former course of dealing persons might be justified in dealing with him upon the belief that he had power, not only to execute the deed, but also to make a contract for the sale of land in the usual course of business, by which the corporation would be bound. In the absence of proof of precedent authority conferred upon the president or of ratification of the transaction after it occurred, or of holding out or former course of dealing in this regard, we are of the opinion that the copy offered was not admissible to show that the title had passed out of the railroad company and into Healy, unless the contention of the appellants hereinafter stated be sustained. Fitzhugh v. Land Co., 81 Tex. 306, 16 S. W. 1078; Franco-Texas Land Co. v. McCormick, 85 Tex. 421, 23 S. W. 123, 34 Am. St. Rep. 815; Tempel v. Dodge, 89 Tex. 69, 32 S. W. 514, 33 S. W. 222; Hurlbut v. Gainor, 45 Tex. Civ. App. 588, 103 S. W. 409.

[2] Appellant further contends that, where the deed offered in evidence is admissible as an ancient instrument, the power under which it purports to have been executed will be presumed. The deed in question is dated March 7, 1862, and filed for record March 24, 1862. There is absolutely no proof that Healy or the plaintiffs claiming as his heirs, or any one for them, ever asserted any claim to the land from the date of the deed to the institution of this suit, which was more than 50 years. The patent was issued in 1877, not to Healy, but to the Washington County Railroad Company. These facts bring this case fairly under the rule stated by the late Chief Justice Gaines in Baldwin v. Goldfrank, 88 Tex. 249, on page 258, 31 S. W. 1064, on page 1066, wherein he says:

"The presumption of a grant or of a power from claim of ownership upon the one side and acquiescence upon the other rests rather upon the acquiescence of the latter than upon the claim of the former. Without proof of such unequivocal acts of ownership long continued and brought home to the adverse party, acquiescence in the claim cannot be established. The case presented is that of a deed which purports to have been executed by virtue of a power of attorney, and which, it is true, is 40 years old, but under which no claim appears to have been asserted for a quarter of a century. The presumption would seem to be not that the power did, in fact, exist, but rather that it did not exist, or that for some other reason not disclosed no title passed by the deed."

[3] But appellants further contend that the certified copy of the deed offered in evidence by them was admissible under the act of 1907, for the reason that no adverse claim in the first 10 years said deed was recorded was ever asserted.

We will not pause to determine whether the evidence offered by appellees was sufficient to show an adverse claim to that of appellants to the land during the first 10 years. The appellees seasonably filed an affidavit of forgery; and the statute referred to, which is brought forward in the Revised Statutes of 1911 as article 3700, does not permit the introduction of a deed without proof of its execution merely because it has actually been recorded for 10 years, when an affidavit has been seasonably filed by the opposite party stating that he believes such instrument of writing to be forged. It follows that it is our opinion that the court did not err in excluding the certified copy of the deed above referred to.

[4] We are also of the opinion that after the court had properly excluded the certified copy from the evidence, without which the appellants must have inevitably failed in their suit, the testimony offered by them to prove their heirship under Healy, as well as other testimony offered by them and excluded on the objection of the appellees, and which is complained of by them in their various assignments of error, was properly excluded as being immaterial.

We think the judgment of the court below should be affirmed; and it has been so ordered.

Affirmed.