# CAFFREY *v.* OKLAHOMA TERRITORY.

## ERROR TO AND APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF OKLAHOMA.

No. 182.   Argued March 13, 14, 1900.—Decided April 9, 1900.

The plaintiff in error was county clerk of Oklahoma County, Oklahoma Territory.   The territorial board of equalization increased the valuation of property in the county, assessed for taxation, twenty-four per cent, and officially notified him of their action.   He refused to act upon the notice, and a writ of mandamus was issued from the supreme court of the Territory, to compel him to do so.   He declined to obey the writ, was cited for contempt, was adjudged guilty, and was committed to prison until he should comply.   There was no evidence, and nothing tending to show that he had any pecuniary interest in the increase.   The case being brought here by writ of error and on appeal: *Held*, that as there was nothing to show that the plaintiff in error and appellant was interested in the increase to the extent of five thousand dollars, therefore, under the statute of March 3, 1885, c. 355, 23 Stat. 443, this court had no jurisdiction.

THE case stated in the opinion.

*Mr. John S. Flannery* and *Mr. James R. Keaton* for plaintiff in error and appellant.   *Mr. Francis J. Kearful* was on their brief.

*Mr. Frederick C. Bryan* for defendant in error and appellee. *Mr. Harper S. Cunningham* and *Mr. Charles Dick* were on his brief.

MR. JUSTICE MCKENNA delivered the opinion of the court.

This is an action of mandamus brought by the Territory of Oklahoma on the relation of Harper S. Cunningham, attorney general of the Territory, against Richard F. Caffrey, county clerk of Oklahoma County.

The territorial board of equalization, composed of the Gov-

ernor, the territorial secretary and the auditor, increased the assessed valuation of the property of Oklahoma County twenty-four per cent, and notified the plaintiff in error and appellant thereof, as county clerk.

He refused to comply with the order, and this action was brought in the supreme court of the Territory to compel compliance therewith.

An alternative writ of mandamus was issued, to which he made return and answer.    In his return and answer he admitted that he had been duly notified of the order of the board of equalization, and had failed to comply with it, and alleged that it was illegal and void, because, first, the board had no jurisdiction or legal authority to make it; second, that it was not made for the purpose of equalizing the valuation of property, but for other and illegal purposes; that it was made arbitrarily, and without evidence other than the assessment roll; that the valuation of the property of Oklahoma County, as shown by the assessment roll, was fair and as high as the property of Pottawatomie County, which the board took as the basis of equalization; that a large part of the property whose valuation was increased consisted of money.

He also alleged that he was prevented from complying by an order of the board of county commissioners.

He prayed " that he be granted a hearing in behalf of the taxpayers of his county in order that he may establish by competent proof the allegations of fact hereinbefore set out, and that upon a final hearing he have judgment against the relator for his costs in this behalf laid out and expended."

A motion was made by relator to quash the answer and return, which was granted, and on the 21st of September, 1898, judgment was entered granting a peremptory writ of mandamus against the plaintiff in error and appellant.

Declining to obey the writ, he was cited for contempt, and such proceedings were had on the citation that he was adjudged guilty, and committed to jail until he should comply with the writ, and the case was then brought here.

A motion is made to dismiss for want of jurisdiction in this court, which we think should be granted.

It is provided by the act of March 3, 1885, that no appeal or writ of error shall hereafter be allowed from any judgment or decree in the supreme court of any of the Territories of the United States, unless the matter in dispute, exclusive of costs, shall exceed the sum of five thousand dollars, or unless the validity of a patent or a copyright is involved, or a treaty or statute of, or an authority exercised under, the United States, is drawn in question. 23 Stat. 443.

There is controversy between the parties, respectively supported by affidavits, whether the effect of the order of the territorial board of equalization is to increase the taxes of the county $3179.27, or $28,751.87. But whether it is one sum or the other, the plaintiff in error and appellant does not show that he has any interest in it. He does not allege that he is a property owner or a taxpayer of the county. He alleges he is its county clerk, and bases his resistance to the order of the territorial board of equalization upon his duty as such officer.

However this may have justified his action, of which we express no opinion, or may have caused a dispute which the territorial court had jurisdiction to pass on and determine, it does not give us jurisdiction. To justify our taking jurisdiction there must be a controversy which involves pecuniary value exceeding $5000 to the party appealing. In other words, there must be a dispute which involves a sum in excess of $5000, and such sum, or property of its value, must be taken from him by the judgment which he seeks to review.

*Colvin* v. *Jackson*, 158 U. S. 456, is in point. It was a suit in equity to restrain the issue of bonds by the city of Jacksonville, and was brought in the Circuit Court of the United States for the Northern District of Florida. Colvin alleged that he was a taxpayer, and that the amount of taxes that would be assessed upon the property owned by him in the city would exceed two thousand dollars. This was denied, and the complainant then contended that not the amount of his taxes but the amount of the bonds proposed to be issued, (one million dollars) was the amount in controversy. The Circuit Court dismissed the case for want of jurisdiction, and this court sustained the ruling, saying by the Chief Justice that " the amount of the interest of

complainant, and not the entire issue of bonds, was the amount in controversy, and, in respect to that, we have no doubt the ruling of the Circuit Court was correct." *El Paso Water Co.,* v. *El Paso,* 152 U. S. 157, was cited and approved.

In the pending action the plaintiff in error and appellant has neither gained nor lost any money or money's worth by the judgment of the supreme court of the Territory.

The writ of error and appeal are

*Dismissed.*

Richard F. Caffrey *v.* Oklahoma, No. 274.

Error to and appeal from the supreme court of the Territory of Oklahoma. Counsel in this cause having stipulated that the same judgment shall be entered in this case as in No. 182, the writ of error and appeal are

*Dismissed.*