# MARSHALL, GOVERNOR OF THE STATE OF INDIANA, *v.* DYE.

**ERROR TO THE SUPREME COURT OF THE STATE OF INDIANA.**

No. 401.  Argued October 23, 1913.—Decided December 1, 1913.

Where a board of public officials is a continuing body, notwithstanding its change of personnel, as is the case with the State Board of Elections of Indiana, the suit will be continued against the successors in office of those who ceased to be members of the board. *Murphy* v. *Utter*, 186 U. S. 95.

The enforcement of the provision in Article IV, § 4 of the Constitution, that the United States shall guarantee to every State in the Union a republican form of government, depends upon political and governmental action through the powers conferred on the Congress and not those conferred on the courts. *Pacific Telephone Co.* v. *Oregon*, 223 U. S. 118.

The claim that a judgment of the state court enjoining state officers from acting under a state statute declared to be unconstitutional denies to the State a republican form of government on account of the interference of the judicial department with the legislative and executive departments, does not present a justiciable controversy concerning which the decision is reviewable by this court.

The right of this court to review judgments of the state courts is circumscribed within the limits of § 709, Rev. Stat., now § 237, Judicial Code. *Waters-Pierce Oil Co.* v. *Texas*, 212 U. S. 86.

Only those having a personal, as distinguished from an official, interest can bring to this court for review the judgment of a state court on the ground that a Federal right has been denied. *Smith* v. *Indiana*, 191 U. S. 138.

Whether the State Board of Elections shall submit a new state constitution to the electors of a State in accordance with a state statute, concerns the members of the board in their official capacity only, and a judgment of the state court that they refrain from so doing concerns their official and not their personal rights and this court will not review such judgment.

Writ of error to review 99 N. E. Rep. 1, dismissed.

THE facts, which involve the jurisdiction of this court to review a judgment of the state court at the instance of

a public official who has no personal interest in the litigation, are stated in the opinion.

*Mr. Frank S. Roby* and *Mr. Dan W. Simms*, with whom *Mr. Thomas M. Honan*, Attorney General of the State of Indiana, *Mr. James E. McCullough*, *Mr. Ward H. Watson*, *Mr. W. V. Stuart*, *Mr. E. P. Hammond*, *Mr. Sol H. Esarey* and *Mr. Elias D. Salsbury* were on the brief, for plaintiffs in error:

Under Art. 3, § 1, constitution of Indiana of 1851, the judicial department of the government is without power to direct, coerce, or restrain the executive (in which is included the administrative) department of the government; nor may the former exercise any of the functions of the latter. *State v. Noble*, 118 Indiana, 350; *Butler* v. *State*, 97 Indiana, 373, 376; *Frost* v. *Thomas*, 26 Colorado, 222; *Woods* v. *Sheldon, Governor*, 69 N. W. Rep. 602; *Sutherland* v. *Governor*, 29 Michigan, 320; *State* v. *Governor*, 25 N. J. Law, 331, 349; *State* v. *Lord*, 28 Oregon, 498; *Mississippi* v. *Johnson*, 4 Wall. 475; *Georgia* v. *Stanton*, 6 Wall. 50; *Decatur* v. *Paulding*, 14 Pet. 497; *Ex parte Ayres*, 123 U. S. 443; *Elliott* v. *Wiltz*, 107 U. S. 711; *Bates* v. *Taylor*, 3 L. R. A. 316; *Jonesboro* v. *Brown*, 8 Baxt. 490; *Vicksburg* v. *Lowry*, 61 Mississippi, 102; *In re Dennett*, 32 Maine, 508; 2 High on Injunction, § 1323; 1 Blackstone, * 243; The Federalist, No. 43.

A judicial question cognizable by this court is involved in this case. For the distinction between judicial authority over justiciable controversies and legislative power as to purely political questions, see *Pacific States Co.* v. *Oregon*, 223 U. S. 118.

This court has jurisdiction of cases involving § 4, Art. IV of the Constitution. *Minor* v. *Happersett*, 21 Wall. 162; *Mississippi* v. *Johnson*, 4 Wall. 475.

Courts of the State have no power or jurisdiction over the Governor of the State to enjoin official action in any

case. *Rice* v. *The Governor*, 207 Massachusetts, 577, 579; *People* v. *Bissell*, 19 Illinois, 229; *The Governor and Supreme Court*, 243 Illinois, 9, 35; *People* v. *Hatch*, 33 Illinois, 9, 148; *People* v. *Cullum*, 100 Illinois, 472; *State* v. *Stone*, 120 Missouri, 428, 433; *Vicksburg R. Co.* v. *Lowry*, 61 Mississippi, 102, 103; *Hawkins* v. *The Governor*, 1 Arkansas, 570, 572, 575; *State* v. *Bisbee*, 17 Florida, 67, 78–83; *State* v. *Warmoth*, 22 La. Ann. 1; *State* v. *Warmoth*, 24 La. Ann. 351, 352; *Rice* v. *Austin*, 19 Minnesota, 103, 105; *Secombe* v. *Kittleson*, 29 Minnesota, 555, 561; *Mauran* v. *Smith*, 8 R. I. 192, 216; *In re Dennett*, 32 Maine, 508; *State* v. *Inspectors*, 114 Tennessee, 516; *Bates* v. *Taylor*, 87 Tennessee, 319, 325; *Turnpike Co.* v. *Brown*, 8 Baxt. (Tenn.) 490; *Hovey* v. *State*, 127 Indiana, 588; *Beal* v. *Ray*, 17 Indiana, 554, 558; *State* v. *Huston*, 27 Oklahoma, 606, 611. See also *In re Opinion of Justices*, 208 Massachusetts, 610; Blackstone's Comm. *243; *State* v. *Towns*, 8 Georgia, 360; *Sutherland* v. *Governor*, 29 Michigan, 320; *Chamberlain* v. *Silby*, 4 Minnesota, 309; *State* v. *Governor*, 25 N. J. Law, 331; *Hartranft's Appeal*, 85 Pa. St. 433.

The court had no power to interfere with the exercise of legislative discretion and its judgment is void. *Beauchamp* v. *State*, 6 Blackf. 299, 301; *Fry* v. *State*, 63 Indiana, 552, 559; *Levey* v. *State*, 161 Indiana, 251, 255; *LaFayette Co.* v. *Geiger*, 34 Indiana, 185, 198; *State* v. *McClelland*, 138 Indiana, 321, 335, 340; *Hedderich* v. *State*, 101 Indiana, 564, 567.

A power which is not distinctly either legislative, executive, or judicial, and is not by the constitution distinctly confided to a designated department of the government, must necessarily be under the control of the legislature. Cooley, Const. Law, p. 44; § 375, Jamieson's Const. Conventions (4th ed.), J. 362. See also *People* v. *Hill*, 36 L. R. A. 634, 636; *State* v. *Henley*, 39 L. R. A. 126, 132.

If the courts can add to the reserved rights of the people they can take them away. If they can mend, they can

mar. If they can remove the landmarks which they find established, they can obliterate them. *Sharpless* v. *Mayor,* 21 Pa. St. 147; *State* v. *Menaugh,* 151 Indiana, 260, 267; Cooley, Const. Lim. (6th ed.), p. 200; *Burrows* v. *Delta Transp. Co.,* 106 Michigan, 582.

The judicial department of the government is without power to direct, coerce, or restrain the legislative department of the government; nor can the judicial department exercise any of the functions, or discharge, or prevent the discharge, of any of the functions of the latter. Cases *supra* and see § 1, Art. 3, Const. Indiana; *Smith* v. *Myers,* 109 Indiana, 1; *Langenberg* v. *Decker,* 131 Indiana, 471; *Wright* v. *Defrees,* 8 Indiana, 298, 303; *Ex parte Griffiths,* 118 Indiana, 83; *Carr* v. *The State,* 127 Indiana, 204, 208; *Hovey* v. *Noble,* 118 Indiana, 350; *Ex parte France,* 176 Indiana, 72; *Hanly* v. *Sims,* 175 Indiana, 345; *State* v. *Haworth,* 122 Indiana, 462; *McComas* v. *Krug,* 81 Indiana, 327; *Wilson* v. *Jenkines,* 72 N. Car. 5; *Goddin,* v. *Crump,* 8 Leigh, 154; *Burch* v. *Earhart,* 7 Oregon, 58; *Franklin* v. *State Board,* 23 California, 177; *People* v. *Pecheco,* 27 California, 175; *Georgia* v. *Stanton,* 6 Wall. 50; *Decatur* v. *Paulding,* 14 Pet. 497; *Alpers* v. *San Francisco,* 32 Fed. Rep. 503; *New Orleans Water Co.* v. *City of New Orleans,* 164 U. S. 471; *State* v. *Lord,* 28 Oregon, 498; *McChord* v. *Louisville &c. R. Co.,* 183 U. S. 483.

Under this decision a circuit court can confer more authority upon its bailiff than the Constitution has conferred upon both legislative and executive departments.

As to what constitutes a republican form of government, see The Federalist, No. 43; *Texas* v. *White,* 7 Wall. 700; 1 Wilson's Works, p. 366.

The executive could have disregarded the mandate of the Supreme Court in this case, but he could not adequately repel the attack made upon the republican government of Indiana under form of judicial decision. See *Smith* v. *Myers,* 109 Indiana, 1, 9.

Plaintiffs in error are citizens of the United States as well as citizens and officers of the State of Indiana. They are here representing the citizenship of the State of Indiana by virtue of authority conferred upon them to do so in a conventional and regular manner. Privileges and immunities of these citizens of the United States are abridged by the decision of the state court. *Slaughter House Cases,* 16 Wall. 36; *Crandall* v. *Nevada,* 6 Wall. 36.

It is the right of the people in a government, republican in form, to peaceably alter or abolish it and to institute a new government. Art. 1, § 1, Const. Indiana.

That decision prevents the performance of an act of extraordinary legislation by those alone who can perform it, upon the possible ground that the method followed is not in accordance with the procedure which the court regards as regular, although the course to be followed is a matter for the legislative body alone. This court has not failed at any time to protect delegated rights and to secure the benefit of such rights to those who are entitled thereto.

*Mr. Addison C. Harris,* with whom *Mr. Ralph K. Kane* was on the brief, for defendant in error.

Mr. Justice Day delivered the opinion of the court.

The case originated in a complaint filed in the Circuit Court of Marion County, Indiana, by John T. Dye, in which he alleged that he brought the suit for himself and other electors and tax-payers of the State of Indiana, the object of the suit being to enjoin the defendants, Thomas R. Marshall, Governor, Muter M. Bachelder and Charles O. Roemler, jointly composing the State Board of Election Commissioners, and Lew G. Ellingham, Secretary of State, from taking the steps required by statute to certify and transmit to the clerks of the several counties in the

State a new constitution proposed by the legislature of the State and from printing and publishing a statement to be printed upon the ballots in such manner that the electors might indicate their choice as to such new constitution. Upon trial in the Circuit Court an injunction was granted. Upon appeal to the Supreme Court of the State of Indiana the judgment of the Circuit Court was affirmed. 99 N. E. Rep. 1. The case was then brought here by writ of error.

A motion was filed in this court on September 24, 1913, accompanied by an affidavit, stating the death of John T. Dye, defendant in error, and the appointment of Hugh Dougherty as his executor and his qualification as such in compliance with the laws of the State of Indiana and asking that he be permitted to appear and defend as such executor, which motion is granted.

There was also submitted on October 14, 1913, a motion to substitute Samuel M. Ralston, Governor, and Will H. Thompson and John E. Hollett, members of the State Board of Election Commissioners, of the State of Indiana, as plaintiffs in error. As the judgment in this case was against the defendants Thomas R. Marshall, Muter M. Bachelder and Charles O. Roemler, composing the State Board of Election Commissioners, and their successors in office, and as such Board is a continuing board (§ 6897, 2 Burns Annotated Indiana Statutes, 1908), notwithstanding its change of personnel, this motion is within the principle laid down in *Murphy* v. *Utter*, 186 U. S. 95, and is granted. See also *Richardson* v. *McChesney*, 218 U. S. 487, 492, 493. Lew G. Ellingham, Secretary of State, is one of the plaintiffs in error and the judgment sought to be reviewed ran against him as such Secretary of State, and he still occupies that office.

The statute (Acts of 1911, p. 205) under which it was proposed to submit the new constitution of the State, provided for its submission at the general election in

November, 1912, and required the election officials and other officers to perform like duties to those required at general elections, with a view to the submission of such questions. The Supreme Court sustained the contention that the act was void under the state constitution, holding in substance that the act of 1911 was unconstitutional for want of authority in the legislature to submit an entire constitution to the electors of the State for adoption or rejection, and that, if the instrument could be construed to be a series of amendments, it could not be submitted as such for the reason that Article 16 of the constitution of the State requires that all amendments to the state constitution shall, before being submitted to the electors, receive the approval of two general assemblies, which was not the case here, and that Article 16 further provides that while an amendment or amendments to the constitution which have been agreed upon by one general assembly are awaiting the action of a succeeding general assembly or of the electors, no additional amendment or amendments shall be proposed, and that as a matter of fact another amendment was still awaiting the action of the electors.

The contention mainly urged by the plaintiffs in error of the denial of Federal rights is that the judgment below is in contravention of Article IV, § 4, of the Constitution of the United States, which provides that the United States shall guarantee to every State in the Union a republican form of government. In *Pacific Telephone Co.* v. *Oregon*, 223 U. S. 118, this court had to consider the nature and character of that section, and held that it depended for enforcement upon political and governmental action through powers conferred upon the Congress of the United States. The full treatment of the subject in that case renders further consideration of that question unnecessary, and the contention in this behalf presents no justiciable controversy concerning which the decision is

reviewable in this court upon writ of error to the state court. *Equitable Life Assurance Society* v. *Brown,* 187 U. S. 308, 314. And as to all questions said to be of a Federal character, although the judgment of the Supreme Court was rested solely upon its interpretation of the state constitution, the rulings are assailed because of alleged wrongs done to the plaintiffs in error in their official capacity only.

We have had frequent occasion to declare that the right of this court to review the judgment of the highest court of a State is circumscribed within the limits of § 709 of the Revised Statutes, now § 237 of the Judicial Code. See *Waters-Pierce Oil Co.* v. *Texas,* 212 U. S. 86, and cases there cited. Among the limitations upon this right is the principle which requires those who seek to bring in review in this court the judgment of a state court to have a personal as distinguished from an official interest in the relief sought and in the Federal right alleged to be denied by the judgment of the state court. This principle was laid down in *Smith* v. *Indiana,* 191 U. S. 138, in which it was held that the auditor of a county of the State of Indiana could not upon writ of error to this court have the judgment of the Supreme Court of Indiana declaring an exemption law of that State valid and the performance of its provisions obligatory upon him reviewed upon the ground that the act was repugnant to the Federal Constitution. The court, Mr. Justice Brown delivering the opinion, said (p. 149):

"It is evident that the auditor had no personal interest in the litigation. He had certain duties as a public officer to perform. The performance of those duties was of no personal benefit to him. Their non-performance was equally so. He neither gained nor lost anything by invoking the advice of the Supreme Court as to the proper action he should take. He was testing the constitutionality of the law purely in the interest of third persons, viz.,

the taxpayers, and in this particular the case is analogous to that of *Caffery* v. *Oklahoma*, 177 U. S. 346. We think the interest of an appellant in this court should be a personal and not an official interest, and that the defendant, having sought the advice of the courts of his own State in his official capacity, should be content to abide by their decision."

In *Braxton County Court* v. *West Virginia*, 208 U. S. 192, it was held that, where the Supreme Court of West Virginia had compelled a county court by mandamus to lower its assessment so that it would be within the limit designated by a certain statute, this court would not entertain a writ of error to review the judgment of the state court, although the plaintiff in error had set up that the assessment contended for would not provide a sufficient amount to pay the expenses of the county, part of which it was alleged had by contract attached before the statute in question was passed. Speaking for the court, Mr. Justice Brewer said, (p. 197):

"That the act of the State is charged to be in violation of the National Constitution, and that the charge is not frivolous, does not always give this court jurisdiction to review the judgment of a state court. The party raising the question of constitutionality and invoking our jurisdiction must be interested in and affected adversely by the decision of the state court sustaining the act, and the interest must be of a personal and not of an official nature. *Clark* v. *Kansas City*, 176 U. S. 114, 118; *Lampasas* v. *Bell*, 180 U. S. 276, 283; *Smith* v. *Indiana*, 191 U. S. 138, 148."

In the present case the Supreme Court of the State has enjoined the plaintiffs in error as officers of the State from taking steps to submit the proposed constitution to the electors of the State, because in its judgment the act of the legislature of the State requiring such submission was in violation of the state constitution. Whether this duty

shall or shall not be performed concerns the plaintiffs in error in their official capacity only. The requirement that they refrain from taking such steps concerns their official and not their personal rights. Applying the rule established by the previous decisions of this court, it follows the judgment of the state Supreme Court is not reviewable here, as it is not alleged to violate rights of a personal nature, secured by the Federal Constitution or laws.

It therefore follows that this writ of error must be

*Dismissed.*