Daniel KIRK

v.

Charles H. BOEHM, Superintendent, et al.

Civ. A. No. 32323.

United States District Court
E. D. Pennsylvania.
May 1, 1963.

Daniel Kirk, Brookhaven, Pa., for plaintiff.

Lewis B. Beatty, Jr., Media, Pa., for six individual members of the Delaware County Board of School Directors.

Allen H. Smith, and John D. Killian, Deputy Attys. Gen., Harrisburg, Pa., for Superintendent of Department of Public Instruction.

Before KALODNER, Circuit Judge, CLARY, Chief Judge, and LUONGO, District Judge.

PER CURIAM.

In this action plaintiff challenges the constitutionality and seeks to enjoin the enforcement of an amendment to the Pennsylvania Public School Code of 1949 (24 P.S. § 1–101 et seq.) on the ground that the amendment is contrary to Article IV, Section 4 of the United States Constitution. Article IV deals with the relationship between States and the United States. Section 4 thereof provides:

> "The United States shall guarantee to every State in this Union a Republican Form of Government, and shall protect each of them against Invasion; and on Application of the Legislature, or of the Executive (when the Legislature cannot be convened) against domestic Violence."

Defendants have moved to dismiss the complaint for failure to state a claim upon which relief can be granted. This three-judge District Court, convened pursuant to the provisions of 28 U.S. C.A. § 2284, has concluded after due deliberation that the complaint raises a nonjusticiable political question and, therefore, must be dismissed for failure to state a claim upon which relief may be granted.

Article X, Section 1 of the Pennsylvania Constitution, P.S. requires that:

> "The General Assembly shall provide for the maintenance and support of a thorough and efficient system of public schools, wherein all the children of this Commonwealth above the age of six years may be educated, and shall appropriate at least one million dollars each year for that purpose."

Pursuant to that constitutional mandate the General Assembly has at various times enacted legislation culminating in the Public School Code of 1949. The Code deals with the public school system in detail and includes, inter alia, provisions for classifying school districts (24 P.S. § 2–202).

The amendment which is being challenged here, Public Law 561 (Act of Sept. 12, 1961, P.L. 1283; 24 P.S. §§ 2–202, 2–283) provides for the reorganization of existing school districts in conformity with prescribed standards. There is no provision for the submission of the plans for reorganization to the electorate for approval. Plaintiff contends that the procedure for effecting reorganization violates *his* constitutional guarantee to a republican form of government in that he is denied the opportunity to vote on any plan of reorganization affecting the school district in which he resides.

Plaintiff's claim is based solely and exclusively on Article IV, Section 4 of the United States Constitution; it is not combined with and does not depend on any other constitutionally protected right, cf. Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). As an exclusively Article IV, Section 4 claim, plaintiff's complaint raises a nonjusticiable political question and must be dismissed. Baker v. Carr, supra; Highland Farms Dairy, Inc. v. Agnew, 300 U.S. 608, 57 S.Ct. 549, 81 L.Ed. 835 (1937); State of Ohio ex rel. Bryant v. Akron Metropolitan Park District, 281 U.S. 74, 50 S.Ct. 228, 74 L.Ed. 710 (1930); Mountain Timber Co. v. Washington, 243 U.S. 219, 37 S.Ct. 260, 61 L.

Ed. 685 (1917); State of Ohio ex rel. Davis v. Hildebrant, Secretary of State of Ohio, 241 U.S. 565, 36 S.Ct. 708, 60 L.Ed. 1172 (1916); Marshall v. Dye, 231 U.S. 250, 34 S.Ct. 92, 58 L.Ed. 206 (1913); Pacific States Telephone & Telegraph Co. v. Oregon, 223 U.S. 118, 32 S.Ct. 224, 56 L.Ed. 377 (1912); Luther v. Borden, 7 How. 1, 48 U.S. 1, 12 L.Ed. 581 (1849).

## ORDER

And now, this first day of May, 1963, it is ordered that the complaint be and it is hereby dismissed for failure to state a claim upon which relief may be granted.