### Daniel KIRK
### v.
### The STATE BOARD OF EDUCATION, DEPARTMENT OF PUBLIC INSTRUCTION BUILDING, HARRISBURG, PENNSYLVANIA, The Delaware County Board of School Directors, Court House Annex, Media, Delaware County, Pa., The Delaware County Board of Elections, to wit, The Delaware County Board of Commissioners, The Court House, Media, Delaware County, Pa. (two cases).

Civ. A. Nos. 36239, 36294.

United States District Court
E. D. Pennsylvania.
Aug. 10, 1964.

Daniel Kirk, in pro. per.

Lewis B. Beatty, Jr., Media, Pa., for Delaware County Board of School Directors.

Byron H. LeCates, Dept. of Justice, Harrisburg, Pa., Alex Bonnie, Philadelphia, Pa., for State Board of Education.

Edward H. P. Fronefield, Media, Pa., for County of Delaware Board of Elections.

BIGGS, Chief Judge.

The petitioner, Daniel Kirk, a citizen of Pennsylvania, has filed a petition in the United States District Court for the Eastern District of Pennsylvania, at C.A. No. 36,239, alleging that he has been deprived of rights secured to him by Section 4 of Article IV and by the Ninth Amendment of the Constitution of the United States, because he was denied the opportunity to vote on a plan of reorganization set up by an Act of the Pennsylvania Legislature, viz: by Public Law 561 (Act of September 12, 1961, P.L. 1283; 24 P.S. §§ 2–202, 2–283). He seeks to enjoin the enforcement of the Act. Kirk then filed an amended petition, but the purpose and tenor of the amendment is not clear to the undersigned. The petitioner has asked for the designation of a three-judge court in the suit at C.A. No. 36,239.

On July 30, 1964, petitioner filed a second petition, viz., at C.A. No. 36,294, in the same court, repeating in substance, if not in haec verba, the allegations of the petition at C.A. No. 36,239.

Petitioner earlier had filed a petition at C.A. No. 32,323 in the United States District Court for the Eastern District of Pennsylvania which was disposed of by a three-judge court, designated by the undersigned pursuant to §§ 2281 and 2284, Title 28 U.S.C., on the ground that the petition failed to state a claim upon which relief could be granted. See Kirk v. Boehm, D.C., 216 F.Supp. 952, 953 (1963). The decision was affirmed by the Supreme Court, 376 U.S. 512, 84 S.Ct. 967, 11 L.Ed.2d 968 (1964); rehearing denied 377 U.S. 920, 84 S.Ct. 1178, 12 L.Ed.2d 188 (1964).

The present petitions allege that the subject matter contained therein is identical to the subject matter of the petition filed at C.A. No. 32,323.

It is clear to me that petitioner has not stated a claim upon which relief can be granted and that the designation of a three-judge statutory court is therefore not required. The District Judge to whom all the applications were made wrote me upon July 28 and July 31, 1964, informing me of the present suits, as he did of the suit at C.A. No. 32,323, and he has set forth the petitioner's claims in his letters and has stated the nature of the application made to him for a three-judge tribunal. He does not state that a three-judge statutory court is necessary in his opinion, but even had he done so, the

question of whether the issues raised are justiciable by a three-judge statutory court is one which also must be determined by the Chief Judge of the Circuit.

In the light of the foregoing, I have concluded that the designation of a three-judge court pursuant to the provisions of §§ 2281 and 2284, Title 28 U.S.C., would be unnecessary and improper. I therefore refuse to designate such a court.