# NOVEMBER, 1921

MARY H. EMORY ET AL. v. W. H. BAILEY ET AL.

No. 2911. Decided November 2, 1921.

(234 S. W., 660.)

1.—Deed—Corporation.

A conveyance of land by a railway company executed by its president and secretary and attested by the corporate seal is sufficient to pass the title without evidence of their authority from the directors to make such conveyance. (Revised Statutes, art. 1173, Act of Feb. 2, 1858; Pasch. Dig., art. 5087; 4 Gammel's Laws, p. 349). Catlett v. Starr, 70 Texas, 489; Ballard v. Carmichael, 83 Texas. 367; Quinlan v. Houston & T. C. Ry. Co., 89 Texas 380; followed. (Pp. 342, 343).

2.—Evidence—Deed—Certified Copy—Corporate Seal.

A certified copy of a deed from a corporation by its president, duly filed and notice given, is admissible in evidence though the seal on such copy is represented merely, by a scroll. It will be presumed that the seal on the original, represented by such scroll, was that of the corporation, especially since, under our law, a seal was unnecessary except in a deed by a corporation. (P. 342).

3.—Deed—Corporation—Authentication for Record.

The deed of a corporation executed by its president and attested by its seal is thereby sufficiently authenticated to admit it to record. (Acts of April 6, 1861, and January 4, 1862, 5 Gammel's Laws, 373, 501.) (P. 343).

4.—Ancient Deed—Affidavit of Forgery.

A certified copy of an ancient deed duly recorded for more than thirty years was admissible in evidence without proof of the genuineness of the original, though an affidavit had been filed attacking it as a forgery. Prompt registration was no less efficacious to this end than production from the proper custody. Brown v. Simpson's Heirs, 67 Texas, 231, followed. (Pp. 343-345).

Error to the Court of Civil Appeals for the First District in an appeal from Harris County.

Emory and others sued Bailey and others for the recovery of land. The trial court excluded evidence offered by plaintiffs and directed a verdict for defendants. Plaintiffs appealed and on affirmance of the judgment (181 S. W., 831) obtained writ of error.

*McDonald Meachum* and *L. C. Kemp*, for plaintiffs in error.—Where a corporate deed is executed by the president and secretary and bears the corporate seal, the deed itself carries with it prima facie evidence of an antecedent authorization to the president and

111 Tex.—22

secretary to execute said deed. Where a corporate deed is executed by the president and secretary and bears the corporate seal, the authority of the president and secretary to execute said deed will be presumed. Quinlan v. Railway Co., 89 Texas, 380; Catlett v. Starr, 70 Texas, 489; Brownwood Ice Co. v. York, 37 S. W., 339; Texas & P. Ry. Co. v. Davis, 93 Texas, 378, 54 S. W., 384; Magee v. Paul, 159 S. W., 330; Adams v. Dignowitty, 8 Texas Civ. App., 201. 28 S. W., 379; Bank v. Goolsby, 12 Texas Civ. App., 362, 35 S. W., 713; Houston Oil Co. v. Payne 164 S. W., 886; Coleman v. Luetcke, 164 S. W., 1120; 10 Cyc. 1003.

The Court of Civil Appeals erred in holding that the certified copy of said deed, was not admissible in evidence in the absence of proof of authority of president and secretary to execute said deed from the board of directors of said company, for the reason that said deed was admissible in evidence as an ancient instrument, and the power and authority of the officers to execute said deed will be presumed. Registration Laws, Gammell's Laws, Vol. 5, p. 2373; Also Gammells Laws, Vol. 5. p. 501: Harris v. Nations. 79 Texas, 413; Hensel v. Kegan, 79 Texas, 349; Auerbach, v. Wylie, 84 Texas, 620; Hill v. Conrad, 91 Texas, 341; Ferguson v. Ricketts, 55 S. W., 976; Simonds v. Simonds. 35 Texas Civ. App., 151, 79 S. W., 632; Jones Est. v. Neal, 98 S. W., 420; Waterman etc. Co. v. Robins, 159 S. W., 365; Houston Oil Company v. Sudduth, 171 S. W., 559; Wacaser v. Rockland Sav. Bk., 172 S. W., 737.

The deed from Washington County R. R. Company to G. R. Healy, certified copy of which was offered in evidence and excluded, was not acknowledged and appellees contended that the deed was not admissible in evidence for that reason. Appellants contend that the deed under the law in force at the time it was executed did not require an acknowledgment, and that the deed was properly recorded and therefore a certified copy was admissible in evidence under Art. 3700, R. S., 1911. Appellants contended that the deed was admissible under the Act of Apr. 6, 1861, Gammell's Laws, Vol. 5, p. 373.

*S. H. Brashear*, for defendants in error.—From the recording of a deed, no presumption arises that the deed is properly of record; and where a seal or a certificate, or a signature or the like is omitted in the record, it will not be presumed that the same appeared in the original. Merriman v. Blalack, 56 Texas Civ. App., 594, 121 S. W., 559; Huff v. Webb, 64 Texas, 286-7; Coffey v. Hendricks, 66 Texas, 676, 2 S. W., 48; Taliaferro v. Dillard, 70 Texas, 139, 7 S. W., 847.

The deed not bearing the seal of the company, which is necessary under the Act of 1858 in force at the purported time of its execution, is ineffective, invalid and could not convey title, and is inadmissible,

the corporate seal being absolutely necessary as a part of the deed. Shropshire v. Behrens, 77 Texas, 275, 13 S. W., 1043; Allen v. Brown, 6 Kans. App., 704, 50 Pac., 505; Caldwell v. Morganton Mfg. Co., 121 N. C., 339, 28 S. E, 475.

No presumption arises that instrument was properly recorded, merely because clerk has recorded it and placed on record a flourish at place near signature Stooksberry v. Swan, 21 S. W., 694; Merriman v. Blalack, 56 Texas Civ .App., 594, 121 S. W., 559; Taylor v. Harrison, 47 Texas, 458; Holliday v. Cromwell, 26 Texas, 194; Strain v. Fitzgerald, 128 N. C., 396, 38 S. E., 929; Betts v. Dick, (Del.) 40 Atl., 185; Walker v. Keile, 8 Mo., 301.

Where a deed is signed by parties claiming to be officers of some sort, but not showing of what body, committee or the like, it will not be presumed therefrom that the device annexed, whatever it may be, is the common seal of the corporation, especially where the deed fails to recite that the seal is affixed or that the deed is executed under the seal of the corporation. Gashwiler v. Willis, 33 Calif., 11, 91 Am. Dec., 607; Walker v. Keile, 8 Mo., 301.

Where deed is signed "President" or "Secretary," without stating of what body, committee, or the like, they were officers, it will not be regarded that they signed same as president or secretary of the corporation named in the beginning of the instrument, where said deed nowhere states that it is signed by them as president or secretary of said company. Taft v. Brewster, 9 Johns. (N. Y.), 334; Coburn v. Ellenwood, 4 N. H., 99; Brinley v. Mann, 2 Cush. (Mass.), 337.

Where officers of a corporation executed a deed purporting to be the act of the corporation, the law does not presume a precedent authorization, regularly and rightfully made; and, in order to prove that such deed was authorized by the corporation, it is necessary to produce evidence of such authority; unless there be acts shown ratifying the deed, or acts of subsequent use of or claim to the land by the supposed vendee, and non-use and non-claim by the supposed vendor from which the authority could be presumed. Fitzhugh v. Land Co., 81 Texas, 306, 16 S. W., 1078; Franco-Texas Land Co. v. McCormick, 85 Texas, 421; Tempel v. Dodge, 89 Texas, 69, 32 S. W., 514, 33 S. W., 222; Hurlbut v. Gainor, 103 S. W., 409; Gashwiler v. Willis, 33 Calif., 11, 91 Am. Dec., 607.

Presumption of authority in parties executing deed can not be builded upon another presumption that deed was properly recorded. Baldwin v. Goldfrank, 88 Texas, 249, 31 S. W., 1064; M. K. & T. R'y Co. v. Porter, 73 Texas, 304, 11 S. W., 324.

Power to execute ancient instrument not presumed, especially where only a certified copy and not the original is offered. Hill v. Taylor, 77 Texas, 295, 14 S. W., 367; Baldwin v. Goldfrank, 88 Texas, 249, 31 S. W., 1066.

Certified copy of instrument recorded more than thirty years will not be admitted in absence of strongly corroborative circumstances of authenticity, and not admissible at all where affidavit of forgery is filed. Brown v. Simpson, 67 Texas, 225, 2 S. W., 644; Hill v. Taylor, 77 Texas, 293, 14 S. W., 366; Stroud v. Springfield, 28 Texas, 663; Holmes v. Coryell, 58 Texas, 689; Wilson v. Simpson, 80 Texas, 279, 16 S. W., 41; Ammons v. Dwyer, 78 Texas, 646, 15 S. W., 1051.

A certified copy of a deed which has never been so acknowledged or proved as to authorize its registration is not admissible in evidence on an affidavit of loss of the original, and no length of time will render such copy admissible as an ancient instrument. Hill v. Taylor, 77 Texas, 295, 14 S. W., 366.

Where an instrument is offered as an ancient one, and affidavit of forgery has been filed, it is not admissible without showing acts of claim under it, or some other acts further than its record. Baldwin v. Goldfrank, 88 Texas, 249, 31 S. W., 1064; Stroud v. Springfield, 28 Texas, 663; Holmes v. Coryell, 58 Texas, 680; Texas Land Co. v. Williams, 51 Texas, 55; Lunn v. Scarborough, 6 Texas, Civ. App., 15; Williams v. Hardie, 21 S. W., 267.

Affidavit of forgery having been filed, the instrument was not admissible in any event as an instrument of record over ten years. Revised Statutes of 1911, Art. 3700.

That the evidence was insufficient to prove execution of the paper or to admit it as ancient instrument: Joske v. Irvine, 91 Texas, 582, 44 S. W., 1059, and cases cited; Belcher v. Fox, 60 Texas, 527; Baldwin v. Goldfrank, 88 Texas, 249, 31 S. W., 1066; Holmes v. Coryell, 58 Texas, 688. Proof of search etc. must be made: Vandergriff v. Piercy 59 Texas, 372; Hill v. Taylor, 77 Texas, 293, 14 S. W., 367; Luckie v. Watt, 77 Texas, 262, 13 S. W., 1033. Oral testimony of ancient declarations are dangerous and unsatisfactory: Portis v. Hill, 14 Texas, 74; Heirs of Ross v. Mitchell, 28 Texas, 149. Certified copy of defectively executed deed not admissible to show existence of paper offered as ancient instrument, or for any other purpose. Hill v. Taylor, 77 Texas, 293, 14 S. W., 367; Craddock v. Merrill, 2 Texas, 496. President has no authority to sell realty or make declarations concerning same: Rev. Stat. art. 1159 (661) (585); Rev. Stat. art. 1173 (676) (600); Fitzhugh v. Franco-Texas Ld. Co., 81 Texas, 306, 16 S. W., 1078. Declarations of supposed officer of corporation cannot affect title unless he be shown to have been such officer and also to have made the declaration within scope of his authority: Thompson Corp. Sec. 4656; Rice v. Taliaferro, 156 S. W., 245.

MR. JUSTICE GREENWOOD delivered the opinion of the court. Plaintiffs in error brought an action against defendants in error

to try the title to 640 acres of land in Montgomery County, being section 11, patented by the State of Texas to the Washington County Railroad Company.

Plaintiffs in error, having introduced in evidence a patent to the land from the State to the Washington County Railroad Company, or its assigns, dated April 3, 1877, offered in evidence a certified copy of a deed, dated March 7, 1862, to the land certificate on which the patent issued, from the Washington County Railroad Company to G. R. Healy, which was signed by "J. W. McDade, Prest." and by "A. G. Compton, Secty.," and which was filed for record March 22, 1862, and recorded March 24, 1862. The certified copy disclosed a circular scroll to the left of the signature at the end of the deed, and it was proven that the scroll appeared in like manner on the deed record. The certified copy had been filed among the papers of the suit for more than three days, and due notice of its filing had been given, and plaintiffs in error had caused to be filed an affidavit of loss of the original deed.

The defendants in error objected to the admission in evidence of the certified copy of the deed on grounds which may be summarized as follows:

First. That the deed was invalid to convey the title of the railroad company, because it did not bear the company's seal, and no authority for its execution was shown from the board of directors or other governing board of the company.

Second. That the certified copy was not admissible as a copy of a deed duly recorded, because the deed, being without the seal of the railroad company, was not properly authenticated for record, and, because the defendants in error having filed an affidavit charging that the original was forged, the certified copy was not admissible without proving the execution of the original, in the absence of evidence that the deed had been so acted on as to furnish corroboration of its genuineness.

The trial court sustained the objections and refused to admit the certified copy in evidence; and excluded evidence that plaintiffs in error were the heirs of G. R. Healy, the grantee in the deed. The trial court thereupon instructed a verdict for defendants in error.

The Honorable Court of Civil Appeals at Galveston affirmed the trial court's judgment, deciding that there was no error in excluding the certified copy of the deed, because there was no proof of authority from the railroad company to its president and secretary for the execution of the deed, and because there was no proof that the grantee or his heirs had asserted any claim under the deed. 181 S. W., 831.

The principal question for our determination is as to the correctness of the conclusion that there was no error in refusing to admit

in evidence the certified copy of the deed, which was an essential link in the title of plaintiffs in error.

The special act of the Legislature for the incorporation of the Washington County Railroad Company, with power to construct and operate a railroad, provided that "all conveyances and contracts executed in writing, signed by the President and countersigned by the Treasurer, or any other officer duly authorized by the directors, under the seal of the company, and in pursuance of a vote of the directors shall be valid and binding." 4 Gammel's Laws of Texas, page 349.

The Act of February 2, 1858, which dispensed with the necessity for scrolls or private seals, to give validity to conveyances and other written instruments, excepted from its operation such conveyances or other istruments as might be made by corporations. Article 5087, Paschal's Digest.

The Act of 1905 provided that all conveyances theretofore made by a corporation by deed, sealed with the common seal of the corporation, and signed by the president or presiding member or trustee of the corporation, or in common form without seal by its attorney in fact, where the instrument constituting the attorney in fact had been executed in the manner mentioned, should be held valid in so far as regards the manner of their execution. Article 1173 Vernon's Sayles' Texas Civil Statutes.

Beyond any doubt a deed from Washington County Railroad Company under its corporate seal and signed by its president and secretary, was in the form required to pass the Company's title, under the special act creating the corporation and the general law.

We cannot sustain the contention that the certified copy offered in evidence failed to disclose that the deed to Healy was under seal. The copy does not reasonably admit of any other interpretation than that the deed bore the seal of the corporation. The scroll which the clerk put on the record to the left of the signatures to the deed was a proper representation of the corporate seal and as clearly shows its presence on the original instrument as would the word "Seal" or the letters "L. S." The United States Supreme Court made the observation that one would not expect to find an impression where a seal had been copied, but "merely a scroll, representing the original seal." Railway v. Hooper, 160 U. S., 519, 40 L. Ed., 519. With our law dispensing with individual seals and requiring corporate seals, we could not presume otherwise than that the seal attached was that of the corporation instead of the individuals, whose signatures were appended to the deed.

The seal was *prima facie* evidence that the deed was the duly authorized act of the railroad company. It implied that the board of directors had empowered the president and secretary to make the very sale and transfer which was evidenced by the instrument on

which it was impressed. Catlett v. Starr, 70 Texas, 489; 7 S. W., 844; 489; Dallard v. Carmichael, 83 Texas, 367, 18 S. W., 734; Quinlan v. H. & T. C. Ry. Co., 89 Texas, 380, 34 S. W., 738; 3 Cook on Corporations, sec. 722, and note 1.

Thompson says: "It (the seal) is presumptive or *prima facie* evidence that the deed is the deed of the corporation, and that the officers who signed, sealed, and acknowleged it were duly authorized so to do, and the instrument is therefore admissible in evidence, if otherwise relevant. In other words, the seal carries with it *prima facie* evidence of the *assent of the corporation* to the deed." 4 Thompson on Corporations, sec. 5105.

It is to be noted that the presumption that the deed of a corporation, signed by the president, under the corporate seal, is authorized, may be overcome by proof, as was done in the case of Fitzhugh v. Franco-Texas Land Co., 81 Texas, 311, 16 S. W., 1078. The deed here tendered in evidence was attacked by no extrinsic evidence. It was presumptively the act of the corporation, and it carried on its face that which entitled it, in the absence of opposing proof, to be regarded as the binding act and deed of the railroad company.

Under the express language of the Act of April 6, 1861, as supplemented by the Act of January 14, 1862, the deed was regularly authenticated for record. The language of the act was "that when any deed, transfer, or other instrument of writing, executed by the president of any railroad company, which has or may be incorporated by the laws of this State, shall be attested by the seal of said company, it shall be considered sufficiently authenicated to authorize the clerk of the County Court to record the same." 5 Gammel's Laws of Texas, pp. 373, 501.

Hence, the certified copy was that of a deed duly recorded for more than thirty years. Defendants in error insist that to render such a certified copy admissible in evidence, against an affidavit charging the original to be forged, it must be accompanied by some corroborative proof of the genuineness of the original.

The making and filing of the affidavit of forgery did not deprive plaintiffs in error of the right, expressly conferred by article 3700 of the Revised Statutes, to have "a certified copy of the record . . . admitted in evidence in like manner as the original could be," on filing proper affidavit of loss of, or inability to procure, the original deed, and after proper filing and notice of filing of the certified copy.

An original deed is admissible in evidence as an ancient instrument, when the following requirements are satisfied: first, when it comes from the proper custody; second, when it is free from suspicion; and third, when it is shown to have been in existence more than thirty years.

The decision in Ammons v. Dwyer, 78 Texas, 649, 15 S. W., 1049, to 651, established the rule that when the foregoing requirements are fulfilled, it is not necessary, in order to secure the admission of the ancient deed, to go on and adduce other proof in corroboration of the deed's genuineness, such as possession or claim thereunder. The rule, as laid down in Ammons v. Dwyer, supra, has been frequently and properly followed. Holt v. Maverick, 5 Texas Civ. App., 650, 23 S. W., 752; Kennard v. Withrow, 28 S. W., 227; Timmony v. Burns, 42 S. W., 134; Woodward v. Keck, 97 S. W., 854.

Since the original deed would have been admissible, on its production from proper custody, free from anything suspicious on its face, on proof of its existence for more than thirty years, we think no sufficient reason can be given for refusing to admit in like manner the certified copy, offered by plaintiffs in error.

Coming from proper custody tends to establish the genuineness of a written instrument: first, because possession of the instrument by those claiming thereunder indicates that it was actually delivered to the grantee; and, second, because care taken to preserve an instrument indicates that it had real value. The prompt registration of an instrument cannot be held less efficacious in these respects than production from proper custody. As said by Chief Justice Stayton, in Holmes v. Coryell, 58 Texas, 688: "The fact that it was recorded raises the presumption that it was delivered." And, it would be hard to adduce better evidence of care to have and keep an instrument available as a muniment of title than that afforded by its registration.

With an original deed lost, a certified copy is the best evidence of what was disclosed on the face of the deed, and when a certified copy discloses no notation by the recorder or anything else to excite suspicion, no other presumption would be warranted than that the deed exhibited "an honest face," and thus the test is met that the certified copy is of an instrument free from suspicion.

The record of a deed affords conclusive evidence of its existence at the date of its registration. Hence, the certified copy from a record made more than thirty years before the trial shows beyond question the deed's existence for the period requisite to make it an ancient instrument.

So, we hold that where an instrument was duly recorded soon after its date and has remained of record for more than thirty years, and where nothing is disclosed upon its face, as recorded, to impeach its genuineness, article 3700 of the Revised Statutes requires that a certified copy thereof be admitted in evidence, under the statutory affidavit, filing and notice of filing, without the necessity of further proof of the original's execution or genuineness.

This is in accord with the conclusion announced by this court in Brown v. Simpson's Heirs, 67 Texas, 231, 2 S. W., 646. For, it is there declared that "a record of an instrument properly registered

for thirty years, having been made upon acknowledgment of the grantor, or by proof of one of the subscribing witnesses, before an officer charged with the duty of taking such acknowledgment or proof, would seem to possess a higher degree of authenticity than an original deed offered as an ancient document at common law, upon which no such acknowledgment or proof appeared. . . . If the record had been shown by any competent evidence to have been made more than thirty years before the trial, then there would have been evidence of an ancient document, with the corroborative proof derived from the certificate of acknowledgment, and we would have had a case we think covered by the statute cited. . . . In order for the copy to take the place of the original when the latter is lost, the registration must be shown to be ancient, just as the deed must appear to be ancient, when the deed itself is offered.'' Of course, it can make no difference that another method than acknowledgment by the grantor or proof by a witness was used to authenticate a deed. The deed here offered, being that of a corporation executed by the president, was required to be authenticated, not by acknowledgment or proof, but by the seal of the corporation. The gist of the decision in Brown v. Simpson's Heirs, supra, is that no further proof of the original's genuineness should be exacted, to render admissible a certified copy of a deed duly recorded for more than thirty years, unimpeached by anything appearing on the face of the record, than is furnished by the deed's authentication for record and by the ancient record. See also Holmes v. Coryell, 58 Texas, 687; Galveston, H. & S. A. Ry. Co. v. Stealey, 66 Texas, 470, 1 S. W., 186; Schunior v. Russell, 83 Texas, 95, 18 S. W., 484; Wacaser v. Savings Bank, 172 S. W., 738.

The trial court should have admitted the certified copy in evidence, and should not have directed a verdict for defendants in error on the evidence introduced by the plaintiffs in error.

The judgments of the District Court and of the Court of Civil Appeals are reversed, and the cause is remanded to the District Court for a new trial.

*Reversed and remanded.*