ROSE et al. v. BRANTLEY et al. (No. 1646.)

(Court of Civil Appeals of Texas. El Paso. May 8, 1924. Rehearing Denied May 29, 1924.)

1. Corporations ⏀432(4) — Authority from board of directors to president to execute power of attorney bearing seal presumed.

Presumption of authority conferred by board of directors on president, to execute power of attorney, bearing corporate seal, to execute release on payment of notes for purchase price of land, obtains as in case of deed, so executed and authenticated, under Rev. St. art. 1173.

2. Appeal and error ⏀930(3)—Issue presumed found for appellee on competent evidence.

On appeal from judgment for plaintiff, in case submitted on special issues, as to boundary, plaintiff claiming title to land under deed from grantee of corporation, presumption was that issue of existence of deed from corporation was found in plaintiff's favor on competent evidence.

3. Costs ⏀262—Suggestion that appeal was taken for delay opens entire record, and requires reversal on any apparent material error, whether assigned or not.

Suggestion that appeal was taken for delay, and request that judgment be affirmed with damages, opens entire record, and requires reversal on any material error apparent, whether assigned or not.

4. Trespass to try title ⏀47(1)—Judgment awarding plaintiff more than half interest in community property held erroneous.

Judgment awarding plaintiff three-fourths interest in community property under deed from

husband after death of wife, part of whose interest passed to one with whom plaintiff did not connect himself, *held* erroneous; recovery being limited to half interest.

**5. Sequestration ⬦⭦20—Sureties on replevy bond given plaintiff suing out sequestration on instituting suit not liable to parties intervening on day of trial.**

Parties intervening on day of trial of action in trespass to try title cannot recover judgment against sureties on replevy bond theretofore given plaintiff, who sued out sequestration on institution of suit.

**6. Sequestration ⬦⭦20 — Judgment against sureties on replevy bond for all costs of suit in trespass to try title held erroneous.**

Judgment for plaintiff and interveners, in trespass to try title, in which plaintiff sued out sequestration against sureties on replevy bond given plaintiff, for all costs of suit, *held* erroneous.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Action by A. L. Brantley against Vernon J. Rose and others, in which R. O. Doyle and others intervened. From judgment for plaintiff and interveners, defendants and sureties on replevy bond appeal. Reversed and remanded.

Butts & Wright, of Cisco, for appellants.
W. F. Kelly, of Fort Worth, and Gilvie Hubbard and J. S. Grisham, both of Eastland, for appellees.

HIGGINS, J. On April 18, 1922, the appellee Brantley brought this suit in trespass to try title against Rose, Hafele, Burrows, and Allen, to recover lot 12 in block 22, in the town of Pioneer. At the same time Brantley sued out a writ of sequestration, and the property was seized. On April 20, 1922, Hafele gave a replevy bond with McCamy, Bucy, Brannin, and Rose as sureties, and remained in possession of the property. On May 11, 1923, Brantley filed an amended petition setting up the sequestration proceedings, and asked for judgment against the sureties for the rental value of the property. On June 7, 1923, R. O. Doyle and others intervened, claiming an undivided one-fourth interest in the land under F. W. A. Doyle, and adopted the plaintiff's petition. On the same day the case came on for trial, and judgment was rendered in favor of Brantley against the defendants for an undivided three-fourths interest in the property and in favor of the interveners against the defendants for an undivided one-fourth interest; also in favor of Brantley and the interveners against Hafele and the sureties upon the replevy bond for the rental value of the property, as found by the jury, in the sum of $1,750 and all costs. The defendants and sureties prosecute this appeal.

Pioneer is located partly on one-third of a league granted to Thos. Benson, in 1856, and partly on 142¼ acres granted F. W. A. Doyle in 1886. The Benson grant is in square form. For the purpose of this opinion the field notes of the Doyle may be thus stated: Beginning at the southeast corner of the Benson; thence west with the Benson south boundary line 417 varas; thence south 768 varas; thence east 727 varas; thence north 1,558 varas; thence west 310 varas to the Benson east boundary line; thence south 790 varas to the beginning.

Lot 12 is near the common southeast corner of the Benson and interior northwest corner of the Doyle. The plaintiff Brantley claims under a deed from F. W. A. Doyle and wife, M. J. Doyle, to J. T. Pogue, dated January 9, 1904, conveying the Doyle grant. The interveners claim as the heirs of M. M. Doyle, as hereinafter shown. The issue is one of boundary—the plaintiff Brantley and interveners claiming the lot to be in the Doyle survey; the defendants claiming under Benson and assert the lot is in the Benson grant. The appellees claim that the common corner and the common boundary line of the Benson on the east and the north portion of the west line of the Doyle is west of the lot, and therefore no part of the same is in the Benson. The defendants claim that such common corner and line is east of the lot, and embraces the northerly portion of the lot. The case was submitted upon special issues, and the jury found that all of the lot was in the Doyle survey.

[1] The title of Pogue passed to the Pioneer Townsite Company, a corporation. A. B. Teston testified that he bought lot 12 from said company, paying part cash and the balance on time, but his deed had been lost and never recorded. His testimony is ample to show that title to the lot passed to him by deed from the Townsite Company. Brantley claims under a deed from Teston. In corroboration of the testimony of Teston, the plaintiff offered in evidence a power of attorney from the Townsite Company to H. J. Cureton, executed by the president of the company under its corporate seal, dated September 18, 1912, and also a release from the Townsite Company to Teston dated June 9, 1913, which recited the payment of the purchase-money notes given by Teston for part of the purchase price of lots 11 and 12 in block 22 in Pioneer. The Townsite Company, in the execution of this release, acted by H. J. Cureton, attorney in fact.

The release was admitted in evidence over the objection of defendants that it was executed by Cureton, acting under the power of attorney aforesaid, and there was no authority shown from the board of directors of the Townsite Company authorizing the president to execute such power of attorney. Article 1173, R. S., provides:

---

"Any corporation may convey lands by deed, sealed with the common seal of the corporation, and signed by the president or presiding member or trustee of said corporation, or in common form without seal by its attorney in fact, where the instrument constituting such attorney in fact is executed in said manner first mentioned."

In the case of a deed executed by the Pioneer Townsite Company, acting by its president and bearing its corporate seal, it would be presumed that antecedent authority had been conferred by the board of directors to make the sale and transfer evidenced by such deed. Emory v. Bailey, 111 Tex. 337, 234 S. W. 660, 18 A. L. R. 901, and authorities cited. There is no reason why the same presumption should not obtain as to a power of attorney so executed and authenticated.

[2] Furthermore, the presumption is that the issue of whether there was a deed from the Townsite Company to Teston was found by the court in favor of Brantley, and, if the release was improperly admitted, it will be assumed that the trial court based its finding upon the competent testimony of Teston to that effect, rather than upon any incompetent evidence upon the issue.

Appellants attack the sufficiency of the evidence to support the finding that all of the lot was in the Doyle survey. This is not well taken. The evidence abundantly supports the finding.

The only other question presented by appellants relates to the refusal to grant a new trial upon the ground of newly discovered evidence. This phase of the appeal is governed by what is said in passing upon the same question in cause No. 1645, Rose v. Curry, 262 S. W. 192, this day decided. The newly discovered evidence in this and that case is the same, and related to the same boundary line. For the reasons stated in Rose v. Curry, this assignment is overruled.

[3] Appellees suggest the appeal was taken for delay, and ask that the judgment be affirmed with 10 per cent. damages upon the judgment for $1,750. This opens the entire record, and requires reversal upon any material error apparent, whether assigned or not.

[4] As between themselves, counsel representing Brantley and the interveners in open court entered into the following agreement:

"That the real estate involved in this suit was originally sold and patented by the state of Texas to F. W. A. Doyle, January 12, 1888; that, at the time said land was patented to the said F. W. A. Doyle, he and his wife, Caroline Doyle, were living together as husband and wife on said tract of land, and continued to live together as such until on or about the year 1890, when the said Caroline Doyle died intestate, leaving surviving her her said husband, F. W. A. Doyle, and two children, namely, M. M. Doyle and Walter A. Doyle; that thereafter the said M. M. Doyle died intestate, leaving the interveners herein as his only heirs; and it is further agreed that the interveners herein owned or are entitled to such interest as the said M. M. Doyle inherited at his mother's death, the same being a one-fourth undivided interest in the F. W. A. Doyle pre-emption survey in Eastland county, Tex.; and that if the plaintiff recovers in this case the said interveners are entitled to and the judgment of the court will be that interveners take one-fourth of such recovery."

Also:

"It is admitted that the property, as between the plaintiff and interveners Doyle et al. that the lots were in the Doyle survey, and that interveners are entitled to one-fourth, not only as to property, but as to such damages as may be recovered by the plaintiff."

The agreement first quoted discloses that the Doyle land was community property of F. W. A. Doyle and his wife, Caroline; that the latter died about 1890, and her interest passed to M. M. and Walter A. Doyle.

The plaintiff claims under deed from F. W. A. Doyle, executed in 1904. This deed passed title to an undivided one-half interest only. The plaintiff did not connect himself with Walter A. Doyle, and the record thus discloses the plaintiff's right of recovery to be limited to a one-half interest in the lands and rents, whereas, he has recovered a three-fourths interest. The judgment in plaintiff's favor is erroneous in this respect.

The interveners claim as the heirs of M. M. Doyle. As against the defendants there is nothing to show such heirship, and the judgment in their favor is wholly unsupported by the evidence.

[5] And for another reason the interveners cannot recover any judgment against the sureties upon the replevy bond. The sequestration was sued out by Brantley upon the institution of the suit. He was the obligee in the replevy bond. Interveners did not become parties plaintiff until the day of trial. The liability of the sureties rests upon the bond alone, and they have assumed no obligation to the interveners by that bond.

[6] Another erroneous feature of the judgment against the sureties was the judgment against them in favor of the plaintiff and interveners for all costs of suit. Henderson v. Brown, 16 Tex. Civ. App. 464, 41 S. W. 406; Zimmerman v. Pearson (Tex. Civ. App.) 51 S. W. 523.

Reversed and remanded.