**ROSE et al. v. CURRY et al.    (No. 1645.)**

(Court of Civil Appeals of Texas. El Paso. May 8, 1924.)

**1. Boundaries &#9737;36(5)—Field notes of junior survey not admissible to prove boundaries of senior survey, if relevancy and materiality are not shown.**

Field notes of junior survey may be admissible to prove boundaries of senior survey, but relevancy and materiality must be shown.

**2. New trial &#9737;99—Newly discovered evidence, merely contradicting and impeaching testimony of certain witnesses on matters of non-controlling importance, insufficient.**

Newly discovered evidence, merely contradicting and impeaching testimony of certain witnesses on matters of non-controlling importance, held not ground for new trial, in view of improbability that it would have affected result.

---

&#9737;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. New trial ⬒99—Granting for newly discovered evidence largely in trial court's discretion.**

Granting new trial for newly discovered evidence is largely in discretion of trial court.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Action by Vernon J. Rose and others against A. M. Curry and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Butts & Wright, of Cisco, for appellants. W. F. Kelly, of Fort Worth, and Gilvie Hubbard and J. S. Grisham, both of Eastland, for appellees.

HIGGINS, J. Appellants brought this suit against the appellees in trespass to try title to certain lots in blocks 22 and 23 in the town of Pioneer. Block 23 is immediately north of block 22. Pioneer is situate in part upon the Thos. Benson survey and in part upon the Doyle survey. It was agreed that—

"The only issue in this case is the location of the east boundary line of the Thomas Benson survey, and that the plaintiff is entitled to recover in this suit all of the lots or parts thereof which the jury may find to be in the Benson survey, and that the defendants are entitled to all of the property in controversy not in the Benson survey as their title appears of record."

According to the jury's finding, no part of the land sued for is situate in the Benson survey.

[1] Appellants offered in evidence the field notes of the Doyle survey. They were excluded upon the objection that they were irrelevant and immaterial, and because the field notes of a junior survey are not competent to prove the boundaries of a senior survey. The mere fact that the Doyle survey was a junior survey would not of itself make the field notes inadmissible. Under certain circumstances they may be admitted. The record in this case does not contain the field notes of the Benson. There is nothing to show the relevancy and materiality of the Doyle field notes upon the issue in this case.

Upon the record as it is presented we do not see what light would have been shed upon the true location of the east line of the Benson by the field notes of the Doyle. Appellants do not suggest any, but merely call attention to cases wherein the field notes of junior surveys were admitted. Upon the record presented the matter presents no error.

The second proposition questions the sufficiency of the evidence to support the finding of the jury. This is without merit. As we view the evidence, it strongly preponderates in favor of the finding.

[2] The only other question presented relates to the refusal to grant a new trial upon the ground of the newly discovered evidence of the witnesses Minton and Cunningham, whose affidavits are attached to the motion. Due diligence to obtain the evidence prior to the trial is shown, but upon proper objection practically all of it would have been excluded. The competent matter is merely contradictory of and impeaches the testimony of certain witnesses for appellees upon matters of noncontrolling importance, and newly discovered evidence of this character is not ordinarily ground for new trial. Moore v. Temple Grocer Co. (Tex. Civ. App.) 43 S. W. 843; Ellis v. Harrison (Tex. Civ. App.) 52 S. W. 581; Pelly v. Denison (Tex. Civ. App.) 78 S. W. 542. In all probability it would not have affected the result had it been available upon the trial.

[3] Furthermore, the granting of a new trial upon this ground is a matter which is vested largely in the discretion of the trial court (Railway Co. v. Sciacca, 80 Tex. 350, 16 S. W. 31), and we think no abuse of such discretion is here shown.

Affirmed.