FUSSELL et al. v. RINQUE et ux.

No. 12720.

Court of Civil Appeals of Texas.

Galveston.

May 20, 1954.

Rehearing Denied June 17, 1954.

Block 25, of a Subdivision of the P. K. Bartleson Survey, in Colorado County, Texas, aggregating 20 acres of land.

The defendants Fussell and Krider, by separate answers, plead the general denial, and not guilty, and the 3, 5, 10 and 25 year statutes of limitation, Vernon's Ann.Civ.St. arts. 5507, 5509, 5510, 5519; and other defendants plead the general denial, and not guilty.

George F. Krider died pendente lite in February, 1953, and the plaintiffs joined Ella Krider, as his successor, on scire facias, alleging Mr. Krider's death, that Ella Krider was his sole heir, and that no administration was pending. Ella Krider was one of the original defendants.

The trial court overruled the plea of nonjoinder of necessary parties, filed by the defendants Krider and Fussell, to which those defendants excepted.

The plaintiffs voluntarily filed an abstract of the title, under which they were asserting ownership of the land involved in this suit. There was no demand by the defendants, or any of them, that the plaintiffs file an abstract.

The trial court gave judgment for the plaintiffs.

Appellants are asserting limitation claim, and appellees are asserting a record title.

The land involved is under two separate oil and gas, mineral leases, now owned by Cities Service Oil Company, and included in a unit for oil and gas, mineral purposes, by reason of pooling agreements executed by both appellants and appellees, either in the lease or by separate agreement, and both appellants and appellees recognize the validity of such unit.

The judgment of the trial court does not in any way affect the validity of the pooling agreement, or the rights of anyone thereunder, except appellants and appellees.

The trial court filed no findings of fact, nor conclusions of law, otherwise than as recited in the appealed from judgment; nor

Masterson, Williams & Smith, Carlos B. Masterson, Angleton, for appellants.

Miller & Rutta, Columbus, Allen & Allen, Alton C. Allen, Hallettsville, for appellees.

GRAVES, Justice.

Plaintiffs Donald P. Rinque and Catherine Rinque, husband and wife, sued B. D. Fussell and his wife, Ira Fussell, George F. Krider and his wife, Ella Krider, and Cities Service Oil Company, and Superior Oil Company, in formal trespass to try title to recover the title to and the possession of Lot 2, in Block 24, and Lot 6, in

do any appear to have been requested by either side.

Appellants, in this Court, state some twelve points of error, which it is deemed unnecessay to set out in full, or in a group, since it seems reasonably clear to this Court, after studying the briefs and the oral arguments from both sides, that the appellants cannot prevail.

■ Indeed, practically all of appellants' points of error, other than their No. 8, undertake to point out the claimed defects and deficiencies in the appellees' chain of record title to the two small tracts aggregating the 20 acres of land involved; their Point No. 8 asserts that they had shown peaceable and adverse possession of the land for more than 10 consecutive years before the commencement of the suit, as a matter of full fact and law.

This Court is unable to hold that appellants showed any limitation title to the land at all, but that, on the contrary, the appellees—in addition to having shown a record title in themselves to the tract down under their various muniments of title, as the trial court presumably found—further showed, on facts which must be deemed to have been found by the trial court in their favor, that the 20 acres of land here involved was, and had for more than 10 full years been, entirely surrounded by lands owned, or claimed, or fenced, by the appellants; wherefore, that, to quote the appellees' own recitation of it, " * * * from no direction could access be gained thereto without first crossing lands owned, claimed, or fenced by defendants; plaintiffs having especially invoked the provisions of Art. 5511, of the Civil Statutes, in bar of appellants' plea of the ten-year statute of limitation [Vernon's Ann.Civ.St. art. 5510]; it was necessary for appellants to prove that they had separately fenced the lands in controversy, or used at least ⅒ thereof for farming or agricultural purposes for a period of ten consecutive years. Appellants failed to prove any of the three requirements, and the trial court correctly rendered judgment for appellees." To sustain that contention, appellees cite these authorities: Krider v.

Wintermann, Tex.Civ.App., 108 S.W.2d 452; Art. 5511, Vernon's Ann. Civil T.S.

In other words, in so seeking to claim this land by limitation alone—against the appellees' record title thereto—the appellants have become "hoist with their own petard"—that is, blown up by their own bomb.

■ Appellants' objection, under their first point of error, that the owners of the other land than that here involved in the Unit No. 2, of the above referred to Cities Service Oil Company, had not been made parties to this suit, is not sound, because both sides to this controversy recognize the validity of that Oil Company's unit; hence, this suit between the parties to it was reduced to a determination of which one of them would receive the interest allotted by that company to the 20 acres here involved. Petroleum Producers Co. v. Reed, 135 Tex. 386, 144 S.W.2d 540; Sohio Petroleum Company v. Jurelk, Tex.Civ.App., 248 S.W. 2d 294; Simmons v. Wilson, Tex.Civ.App., 216 S.W.2d 847; and McDonald, Texas Civil Practice, Vol. 1, page 217, No. 3.16.

■ Under their points Nos. 3 and 4, for instance, the appellants contend that the trial court erred in entering the adverse judgment toward them because it considered certain instruments through which the appellees claimed their record title to the land under instruments that had been filed after this suit had been instituted and as to which the appellees had not amended their trial pleadings with reference thereto. In the first place, the record fails to show that the appellants objected to the admission of these documents as having been filed after the suit had been filed against them; hence, they cannot raise such objection for the first time on this appeal. Red River Valley Publishing Co. v. Bridges, Tex.Civ.App., 254 S.W. 2d 854.

■ In the next place, it was not shown that the appellees had acquired their record title subsequent to the filing of the suit, since the instruments objected to here were apparently held by the trial court to have been admissible for the purpose of correcting any

typographical inaccuracies. 26 C.J.S., Deeds, § 30, par. i, page 221, and 14 Tex. Jur., Deeds, page 1038.

 Furthermore, many, if not all of these objected-to title papers, or deeds, conveying the land in question to the appellees, were well-nigh 30 years old; hence, were admissible as ancient instruments, the authority of the grantors in which was to be presumed. Garner v. Lasker, 71 Tex. 431, 9 S.W. 332; Emory v. Bailey, 111 Tex. 337, 234 S.W. 660; and Pena v. Frost National Bank, Tex.Civ.App., 119 S.W.2d 612, error refused.

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal. The judgment will be affirmed.

Affirmed.