Joe SOLOMON et al., Appellants,

v.

Patricia BECK et al., Appellees.

No. 6749.

Court of Civil Appeals of Texas.

Beaumont.

Feb. 18, 1965.

Zbranek & Friend, Liberty, for appellants.

Baker, Botts, Shepherd & Coates, Houston, Bradford Pickett, Liberty, for appellees.

STEPHENSON, Justice.

This is an action brought in Liberty County to remove a cloud upon the title to land situated in Liberty County. Defendant filed a cross action in trespass to try title. At the close of all of the evidence the jury was discharged and the court granted plaintiffs' motion for directed verdict. The parties will be referred to here as they were in the trial court.

Plaintiffs introduced evidence showing record title. Defendant offered an instrument in evidence which was excluded by the court. The sole question in this case is the admissibility of this excluded instrument. This instrument purported to be an examined copy of a deed dated January 16, 1837, and recorded June 26, 1876, in Liberty County. Without this deed de-

fendant had no record title, and plaintiffs were entitled to judgment.

Plaintiffs filed an affidavit of forgery as to the excluded instrument. Defendant contends the instrument was admissible as an "ancient instrument" without proof of execution.

■ The instrument excluded was not the original deed nor was it a copy certified by the custodian of the recorded original deed. It shows on its face that it purports to be nothing more than an examined copy of an original. The following certificate is attached to the instrument:

"STATE OF NEW YORK
CITY OF NEW YORK

"I, George C. Gibbs Commissioner in said State, appointed by the Governor of the State of Texas, to administer oaths & affirmative and to take depositive affidavits and the acknowledgements and proofs of Deeds to be used or recorded in the said State of Texas duly commissioned and sworn and dwelling in the City of New York State of New York, as hereby certify that this and the foregoing Deed and writing is a true copy of the original Deed dated the 16th day of January, 1837, as presented and compared by me.

"In witness whereof I have hereunto set my hand and affixed my official seal this the fourth day of October, 1860.

George Gibbs, commissioner for Texas in New York."
(Seal)

An examined copy of an instrument cannot be admitted without proof of execution, however old it may purport to be. Schunior v. Russell (1892), 83 Tex. 83, 18 S.W. 484. Further, under the laws of this state there is no provision for the recordation of an "examined copy".

■ In order to qualify as an ancient instrument, the original deed would be admissible as an "ancient instrument" when it comes from the proper custody, when it is free from suspicion and when it has been in existence more than 30 years. If the original instrument had been promptly recorded, a certified copy could be offered as an "ancient instrument", upon a showing that the original deed was lost. Emory v. Bailey, 111 Tex. 337, 234 S.W. 660, 18 A.L. R. 901. The original deed was not accounted for in the present case, even had the instrument being offered been a certified copy of a recorded deed.

■ Plaintiff offered in evidence a certificate executed by James M. Day, Director of the State Archives of the Texas State Library that George C. Gibbs was commissioned October 9, 1860, which was five days after the excluded instrument showed the original deed was presented to him and examined by him. This certificate by James M. Day also shows that George C. Gibbs did not qualify until October 20, 1860. This record shows affirmatively that George C. Gibbs was not qualified as a Commissioner for the State of Texas on the date he certified to the excluded instrument. A copy of the law of the State of Texas in effect at the time George C. Gibbs made such certificate does not show that Gibbs was authorized to make a certificate of certified copies.

■ Further, at the time the deed defendant relies upon was executed (1837), the burden was upon the holder of the first deed, which was unrecorded, to prove that the grantee under the second deed, which was recorded, had notice of the first unrecorded deed, or that such grantee in the second recorded deed did not pay a valuable consideration. Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S.W. 533. There is no such proof in this case. For all of these reasons, the defendant's points are overruled.

Affirmed.