Mason SMITH et ux., Appellants,

v.

**HUNTSVILLE INDEPENDENT SCHOOL DISTRICT et al., Appellees.**

**No. 76.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Feb. 28, 1968.

J. Leonard Gotsdiner, Ranseler O. Wyatt, Houston, for appellants.

J. G. Davis, Charles S. Davis, Wm. E. Hornbuckle, III, Davis, Davis & Hornbuckle, Huntsville, for appellees.

BARRON, Justice.

This is a trespass to try title suit.

Appellants, Mason Smith and wife, Annie Smith, claim title to a one-acre tract of land, with improvements thereon, by deed dated July 7, 1966, from Mount Pleasant Methodist Church of Dodge. Appellees, Huntsville Independent School District and Mance Park, originally answered this suit on December 23, 1966. The court set the

case for trial on the merits on June 5, 1967. Appellants filed their amended pleadings on May 24, 1967, and appellees, with leave of court, filed their amended answer on June 5, 1967, disclaiming as to a part of the real property involved and specifically claiming title to the improvements on a one-acre tract in answer to allegations of appellants that the property and the improvements thereon belonged to appellants, who specifically made claim to the improvements thereon in their amended petition. Appellants objected to the filing of the Second Amended Answer on which appellees went to trial on grounds of surprise and failure to file the pleadings at least seven days before trial. Appellants' objections were overruled by the trial court, whereupon appellants filed a motion for continuance, which the trial court overruled.

At the conclusion of the evidence, the trial court rendered judgment for appellees and ordered that appellants take nothing as to the one-acre tract involved, and allowed appellees 60 days from final judgment to remove from appellants' adjoining land so much of the school building as encroached upon appellants' land. By reason of the disclaimer filed, appellants were awarded title to approximately two acres adjoining the one-acre school tract. From the judgment of the trial court, appellants have perfected their appeal.

By point of error appellants assert that the court erred in admitting a deed from J. R. Roark to Dodge Independent School District, recorded in Volume 18, page 124, of the Deed Records of Walker County, Texas, dated June 5, 1902. The deed involving the one-acre tract of land was to appellees' predecessor in title. Claim is made that the deed was not filed at least three days prior to the trial and that Article 3726, Vernon's Ann.Tex.St., mandatorily and exclusively governs conditions for receipt in evidence of recorded instruments without further proof. On May 31, 1967,

the appellants filed in the suit a notice that the above mentioned deed would be introduced in evidence in their behalf without producing the originals thereof under Article 3726, but appellants failed to offer the deed in evidence. However, appellees introduced the *original* deed as an ancient instrument under the common law and Rule 184, T.R.C.P., after proof that the instrument of 1902 came from proper custody and was free from suspicion.

Article 3726 (formerly Article 3700) is a rule of evidence and authorizes the admission of certain instruments in evidence without the necessity of proving their execution upon compliance with such statute. That such statute is not an exclusive procedure cannot be doubted. An instrument which comes within the statute may nevertheless be proved as at common law, which was done in this case under the ancient instrument rule. The trial court properly admitted the deed in evidence. Texas Law of Evidence, McCormick and Ray (2d Ed.), Vol. 2, Sec. 1276, p. 147; 19 Tex. Jur.2d, Sec. 76, p. 348; 23 Tex.Jur.2d, p. 393 and Sec. 275, p. 406 et seq.; Lamberida v. Barnum, 90 S.W. 698 (Tex.Civ.App.), writ dismd.; Emory v. Bailey, 111 Tex. 337, 234 S.W. 660, 18 A.L.R. 901; Williams v. Cruse, 130 S.W.2d 908 (Tex.Civ.App.), writ ref. See also Stone v. State, 171 Tex.Cr.R. 201, 346 S.W.2d 323. Because appellants themselves gave the required notice of introduction of the deed, and because the deed was proved as at common law, appellants' point of error is overruled.

Further complaint is made by appellants that the trial court erred in requiring appellants to go to trial after appellees filed their amended pleading on the day of trial over appellants' objections. Appellants' unverified motion for continuance stated that counsel for appellants did not have the opportunity to read the contents and substance of appellees' amended pleading to determine whether or not it would be nec-

essary to file supplemental pleadings, and that under the circumstances a continuance should be granted. As stated above, appellees in their answer merely disclaimed as to a portion of the property involved and included a specific answer to the question of ownership of the improvements on the property involved, which had already been pleaded fully by appellants. Appellants had specifically put the ownership of the improvements in issue.

 No evidence was presented on the motion for continuance. The motion did not allege that the claimed new matter pleaded was untrue, or that appellants had a meritorious defense, or if given time, they would be able to present a good defense thereto. It did not refer to any witnesses or any other source from which it was contemplated that evidence could or would be secured to defeat the alleged new facts if time should be granted. We see no new matter alleged by appellees, but on the contrary, appellants' position was improved by reason of the disclaimer. Moreover, at the hearing on the motion for new trial, no proof was made supporting appellants' right to a continuance. The motion for continuance and supporting proof was wholly insufficient. Cummings v. Rice & Nichols, 9 Tex. 527 (Tex.Sup.); Citizens Mut. Life Ins. Ass'n v. Miles, 77 S.W.2d 717 (Tex.Civ.App.), no writ hist.; Texas Employers Ins. Ass'n v. Sanders, 265 S.W.2d 219 (Tex.Civ.App.), writ ref., n. r. e.; Ellen v. City of Bryan, 410 S.W.2d 463, 466 (Tex.Civ.App.), writ ref., n. r. e.; Rule 325, T.R.C.P.; 12 Tex.Jur.2d, Sec. 37, p. 596 et seq. Under the circumstances, the matter of a continuance was discretionary with the trial court and no harm in the ruling is shown. 3 McDonald Texas Civil Practice, Sec. 10.32; Rule 434, T.R.C.P.

Finding no reversible error, the judgment of the trial court is affirmed.

Affirmed.