**CITY OF FORT WORTH, Appellant,**

v.

**Edwin BEWLEY et al., Appellee.**

**No. 5546.**

Court of Civil Appeals of Texas, Eastland.

Feb. 5, 1981.

Rehearing Denied March 12, 1981.

Paul Isham, City Atty., Randall K. Price, Asst. City Atty., Fort Worth, for appellant.

Samuel A. Denny, and Walter S. Fortney, Law, Snakard, Brown & Gambill, Fort Worth, for appellees.

DICKENSON, Justice.

At issue is the title and possession to a tract of land in downtown Fort Worth where the old Public Library was located until June 21, 1978. Plaintiffs[1] are the successors in interest of Sarah Gray Jennings. The Defendant is the City of Fort Worth. Plaintiffs' claim for rent and the City's counterclaim for condemnation were severed by agreement. Following a nonjury trial, judgment was rendered that Plaintiffs are entitled to recover title and possession. The City appeals. We affirm.

One of the disputed factual issues which was resolved by the trial court is whether the property was originally dedicated in 1873 for "park purposes"[2] or in 1877 as a communication between Houston Street, Throckmorton Street, Jennings Avenue and other streets in Downtown Fort Worth. Plaintiffs make no claim for possession of the portions of the original tract which are presently being used as streets, nor do they claim the area which is presently being used for park purposes, nor do they claim those portions of the original tract upon which various buildings encroach. Plaintiffs' claim is limited to the 17,163.6 square feet upon which a four-story building, the Old Public Library, is located.

1. The trial court names the Plaintiffs and their respective ownership in the property as: Edwin E. Bewley, an undivided fourth; Thomas J. Jennings, an undivided eighth; Martha Jennings Underwood, an undivided eighth; Florence J. Lynn, an undivided eighth; Cody J. Ligon, an undivided eighth; Catherine Jennings, an undivided eighth; and Alice J. Denny, an undivided eighth.

2. *Plaintiffs contend that Hyde Park was dedicated in 1873 as a park and as a center of*

"public square." [3] As discussed hereinbelow, the trial court resolved this dispute by findings in favor of the 1873 map and against the 1877 map (The O'Flaherty Map).

 The trial court made findings of fact pursuant to Tex.R.Civ.P. 296. The findings which have not been challenged by points of error in City's brief are conclusively established. *Whitten v. Alling & Cory Company*, 526 S.W.2d 245 (Tex.Civ.App.—Tyler 1975, writ ref'd). The unchallenged findings are summarized in part as:

1–13. The first thirteen findings of fact trace the chain of title into Plaintiffs.

14. On March 1, 1873, Sarah Gray Jennings and husband, Thomas J. Jennings, executed a Power of Attorney in favor of Hyde Jennings, said Power of Attorney being recorded in Volume T, Page 287, Deed Records, Tarrant County. Such Power of Attorney was destroyed in the Courthouse fire of 1876.

16. The April _____, 1873 instrument was used by the City of Fort Worth to prove dedication of streets in *Orrick v. City of Fort Worth*, 32 S.W. 443 (Tex.Civ. App.1895, no writ).

18. In 1892 the Fort Worth Library Association sought out Sarah Gray Jennings, recognized her interest in Hyde Park and obtained permission from her to build a library on the property known as Hyde Park.

19. On April 8, 1892 by instrument recorded in Volume 85, Page 5, Deed Records, Tarrant County, Sarah Gray Jennings acting by and through her attorney-in-fact, Hyde Jennings gave her permission for a library to be built on the property known as Hyde Park.[4]

20. On May 24, 1892, some six weeks after Sarah Gray Jennings acting by and through her attorney-in-fact, Hyde Jennings, gave her permission for a library to be built on the property known as Hyde Park, the City Council of the City of Fort Worth by resolution gave permission and authorized the Fort Worth Library Association to proceed with the erection of a library building on the "North side of Hyde Park."

21. At no time prior to the filing of this lawsuit did the City of Fort Worth give any notice to the Jennings heirs above named or their predecessors in interest nor did said Jennings heirs or their predecessors in interest have any notice that the City of Fort Worth was claiming the property which is the subject of this lawsuit adversely.

24. At the time (1877) Hyde Jennings signed the O'Flaherty Map, he owned no interest in the property which is the subject of this lawsuit.

25. Hyde Jennings did not sign the O'Flaherty Map as attorney-in-fact for Sarah Gray Jennings.

26. Hyde Jennings was an attorney.

---

Plaintiffs' ancestor, Sarah Gray Jennings, gave her written consent in 1892 for the erection of "a dwelling for public library purposes on the plat of ground known as Hyde Park." Since the library was moved in 1978, the City has used the property for municipal purposes. Plaintiffs contend that since this property is not being used as a park or library, they are entitled to the present right of title and possession. See *Humble Oil & Refining Co. v. Blankenburg*, 149 Tex. 498, 235 S.W.2d 891 (1951).

3. The City argues that the property was dedicated as a "public square" in 1877, that the 1892 agreement is of no consequence, and that it has the right to use this property for any public purpose, including its present use as a City Hall Annex.

4. That instrument states: "Know all Men by these Presents: That I, S. G. Jennings of said County and State, for and in consideration of the sum of One Dollar to me in hand paid by the Fort Worth Library Association, the receipt whereof is hereby acknowledged, do hereby agree and consent for said Association to erect a dwelling for public library purposes on the plat of ground known as Hyde Park, situated in Jennings East or Avenue Addition to the City of Fort Worth and in said City of Fort Worth, Tarrant County, Texas, said building to be used for library purposes and such mental and moral training and improvement as to said Association and its successors, may seem fit and proper, and their right to use said ground for said building shall continue as long as they may use it for said purpose or purposes with my consent."

27–29. These findings reject the City's contention that title had passed through a third party to the City.

The trial court's findings which have been challenged by points of error 3, 6, 9 and 11 in City's brief are:

15. On April _____, 1873, Hyde Jennings as attorney-in-fact for Sarah Gray Jennings and Thomas J. Jennings as well as others, executed an instrument which dedicated the streets and alleys shown thereon and also dedicated a tract shown thereon as Hyde Park to the public.

17. The April _____, 1873 instrument was relied upon by the public and by the City of Fort Worth in laying out the streets and alleys shown thereon and in laying out Hyde Park.

22. The City of Fort Worth abandoned the property which is the subject of this lawsuit, when it opened the new Fort Worth Public Library on or about June 21, 1978.

23. The property which is the subject of this lawsuit is not now being used as a public library or for any other purpose which comes within the terms of the April 8, 1892 Agreement, and its use as a public library has been abandoned by the City of Fort Worth.

30. The City of Fort Worth occupied and used the property which is the subject of this suit with the consent and permission of Sarah Gray Jennings and at no time gave notice to her or her heirs that it repudiated the title to the Jennings heirs in said park.

32. The use of the property which is the subject of this lawsuit made by the City of Fort Worth was not adverse to Sarah Gray Jennings and her heirs.

■ We hold that there is evidence, which is legally and factually sufficient under the rules stated by In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951), to support findings 15, 17, 23, 30 and 32. Finding number 22 is not a controlling finding. Consequently, we overrule points of error 3, 6, 9 and 11.

■ The City also complains of the trial court's failure to make certain additional findings of fact. These complaints (points of error 1, 2, 10 and 12) are overruled. Additional findings are not required where the requests do not relate to ultimate or controlling issues, or where they conflict with the original findings of fact which were made and filed by the trial judge. State v. Wiergate Lumber Company, Inc., 582 S.W.2d 258 (Tex.Civ.App.—Beaumont 1979, writ ref'd n. r. e.).

■ Points 4 and 5 (pertaining to the 1873 map), Point 7 (relating to the affidavits which were executed and recorded in 1900), and Point 8 (relating to the title opinions which were written in 1899 and preserved in the Fort Worth Library archives) have been considered. All of these points challenge the admissibility of exhibits. These points are overruled because the map, affidavits and title opinions were admissible as ancient documents. Schultz v. Shatto, 150 Tex. 130, 237 S.W.2d 609 (1951); Emory v. Bailey, 111 Tex. 337, 234 S.W. 660 (1921).

Our Supreme Court held in Emory v. Bailey, supra 234 S.W. at 662:

An original deed is admissible in evidence as an ancient instrument, when the following requirements are satisfied: First, when it comes from the proper custody; second, when it is free from suspicion; and, third, when it is shown to have been in existence more than 30 years.

Our Supreme Court also stated in Schultz v. Shatto, supra 237 S.W. at 613:

The existence of a lost map or plan may be proven by secondary evidence, the same as any other lost instrument. It was a fact question to be determined by the trier of the facts—in this case the trial judge. . . . We think these documents were admissible as ancient instruments and their recitals were admissible as circumstances showing the dedication. . . .

As evidence of a claim of ownership, recitals in ancient instruments are admissible over the objection that they are hearsay or self-serving. . . .

We have overruled all of the points of error. We agree with the trial court's conclusion that the fee title to this property was not conveyed by Sarah Gray Jennings and that her successors, Plaintiffs herein, were entitled to recover the title and possession of this property when the public library was moved to a different location in 1978.

The judgment of the trial court is affirmed.